486 A.2d 200

**John Norman HUFFINGTON**

**v.**

**STATE of Maryland.**

**No. 109, Sept. Term, 1983.**

Court of Appeals of Maryland.

Order Nov. 4, 1983.
Opinion Jan. 10, 1985.

Alan C. Drew, Upper Marlboro, for appellant.

Deborah K. Chasanow, Asst. Atty. Gen., Baltimore, for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

## ORDER

PER CURIAM.

Upon consideration of the motion to stay proceedings, the answer thereto and oral arguments of counsel having been heard and the Court having granted a writ of certiorari on its own motion to review the interlocutory appeal taken by petitioner to the Court of Special Appeals on the double jeopardy issue presented in the case, and

The Attorney General of Maryland on behalf of the State having conceded that the State will not prosecute the petitioner for premeditated first degree murder, petitioner hav-

ing heretofore been acquitted of that offense, it is this 4th day of November, 1983

ORDERED, by the Court of Appeals of Maryland, a majority of the Court concurring, for reasons to be stated in an opinion later to be filed, that the order of the Circuit Court for Frederick County denying the motion to dismiss the indictment in these cases be, and it is hereby, affirmed. Mandate to issue forthwith.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON *, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

In 1981 a jury in the Circuit Court for Caroline County found John Norman Huffington guilty of two felony murders, robbery, burglary and violations of the handgun statute.[1] Using a special verdict form, the jury specifically acquitted Huffington on charges that the two murders were premeditated. The jury determined that the appropriate sentence for each of the felony murders was death, and the trial court imposed the death penalty. On appeal this Court reversed the convictions and remanded for a new trial, holding that certain evidence had been erroneously admitted. *Huffington v. State*, 295 Md. 1, 452 A.2d 1211 (1982). The case was transferred to the Circuit Court for Frederick County for purposes of the new trial.

Prior to the retrial, Huffington filed a motion in the Circuit Court for Frederick County to dismiss on the ground that retrial under any theory of murder would violate his Fifth Amendment right not to be placed in jeopardy a second time. Huffington urged that there exists a single crime of murder, which includes both premeditated murder and felony murder, and that, therefore, the verdicts of

---

\* Davidson, J., participated in the hearing and the conference of the case in regard to its decision, but died prior to the adoption of the opinion of the Court.

1. Maryland Code (1957, 1982 Repl.Vol.), Art. 27, §§ 36B–36F.

acquittal on the charges of premeditated murder at his first trial operate to bar retrial for those murders under a theory of felony murder. The trial court denied the motion to dismiss and denied a motion to stay the proceedings.

■ Huffington took an immediate appeal, and on November 1, 1983, filed in the Court of Special Appeals a Motion to Stay Proceedings, while simultaneously filing a petition for a writ of certiorari in this Court.[2] We issued a writ of certiorari on November 4, 1983, and heard oral argument that day. At argument, the State stipulated that it would not attempt to prosecute Huffington for first degree premeditated murders, Huffington having been previously acquitted of those offenses. After oral argument, this Court issued a *per curiam* order affirming the order of the circuit court denying the motion to dismiss. We shall now give the reasons for our order.

Huffington's argument begins with the settled principle that the Double Jeopardy Clause of the Fifth Amendment, *inter alia,* prohibits the State from trying a person for an offense after he has been acquitted of the same offense.[3] He then appears to argue that there is only one offense of murder, and that the elements of this offense in the first degree are a homicide, the requisite intent, premeditation, deliberation and malice. Under his theory, proof of a death in the course of a felony is not proof of a different element; instead, proof of the commission of an underlying felony is merely evidence of the requisite intent, malice, premeditation and deliberation. Thus, the argument continues, the jury verdicts of "not guilty" on the charges of first degree

---

**2.** Where a motion to dismiss is based on a double jeopardy contention, a pre-trial order denying the motion is immediately appealable. *Evans v. State,* 301 Md. 45, 49 n. 2, 481 A.2d 1135 (1984); *Bowling v. State,* 298 Md. 396, 401 n. 4, 470 A.2d 797 (1984).

**3.** *See, e.g., Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *Brooks v. State,* 299 Md. 146, 153–155, 472 A.2d 981 (1984); *Block v. State,* 286 Md. 266, 407 A.2d 320 (1979); *Pugh v. State,* 271 Md. 701, 319 A.2d 542 (1974).

premeditated murder necessarily meant that one or more of these elements were lacking. As "felony murder" is allegedly comprised of these identical elements, Huffington reasons, retrial on the felony murder charges following his acquittal on the premeditated murder charges would violate his Fifth Amendment right not to be placed in jeopardy a second time for the same offense.

In our view, Huffington's theory is entirely without merit:

Preliminarily, the premise for Huffington's argument, that in Maryland felony murder and premeditated murder are identical offenses with identical elements, is incorrect. It is true that historically, and for some purposes today, all murder is regarded as a single crime. *See, e.g., Newton v. State,* 280 Md. 260, 268, 373 A.2d 262 (1977); *Gladden v. State,* 273 Md. 383, 389–390, 330 A.2d 176 (1974), and cases there cited. Moreover, generally for purposes of the double jeopardy prohibitions against successive trials or multiple punishments, premeditated murder and felony murder would be deemed the same offense. This is analogous to first degree murder and second degree murder being deemed the same offense for such purposes. Nevertheless, premeditated murder and felony murder do not have entirely identical elements, with the commission of the underlying felony simply constituting evidence of the elements of premeditated murder. This was explained in *Newton v. State, supra,* 280 Md. at 272, 373 A.2d 262, as follows:

"Rather, proof of the underlying felony is itself an essential element of first degree murder under the felony murder doctrine. As previously discussed, first degree murder requires proof of wilfulness, deliberation and premeditation *or* proof of a killing during an enumerated felony. The underlying felony is one of two alternative elements of the crime. It is not merely evidence creating a rebuttable presumption that wilfulness, deliberation and premeditation were present. Once the State proves a killing during an enumerated felony, the offense of first degree murder is necessarily established, regardless of

any evidence relative to wilfulness, deliberation and premeditation."

While premeditated murder and felony murder have distinct elements, nevertheless, as indicated above, they would generally be deemed the same offense for purposes of the double jeopardy prohibition against successive trials. Thus, if a defendant had been prosecuted solely on a theory of premeditated murder, had been convicted or acquitted, and there had been no appeal, the prosecution would not be permitted to prosecute him a second time for the same homicide on a theory of felony murder.[4] This is not what happened, however, in the present case. Huffington was convicted of two felony murders, and he took an appeal. The order for a new trial on felony murder charges resulted from Huffington's appeal.

When a criminal defendant takes an appeal and·succeeds in having his conviction reversed on a ground other than the sufficiency of the evidence,[5] the Fifth Amendment's Double Jeopardy Clause does not preclude a retrial of the defendant on the same charges. This principle has been settled since the Supreme Court's decision in *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). As the Court succinctly stated in *Forman v. United States*, 361 U.S. 416, 425, 80 S.Ct. 481, 486, 4 L.Ed.2d 412 (1960): "It is elementary in our law that a person can be tried a second time for an offense when his prior conviction for that same offense has been set aside by his appeal."

---

**4.** In Maryland the homicide of one person ordinarily gives rise to a single homicide offense, and multiple prosecutions or punishments for different homicide offenses, based on the slaying of one person, are generally precluded. *See Loscomb v. State,* 45 Md.App. 598, 613, 416 A.2d 1276 (1980), *aff'd on other grounds,* 291 Md. 424, 435 A.2d 764 (1981). *See also* the discussion and collection of cases in *People v. Lowe,* 660 P.2d 1261, 1269–1271 (Colo.1983).

**5.** *See Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 24–25, 98 S.Ct. 2151, 2154–2155, 57 L.Ed.2d 15 (1978); *Mackall v. State,* 283 Md. 100, 113–114, 387 A.2d 762 (1978).

*See, e.g., Justices of Boston Municipal Court v. Lydon,* — U.S. ——, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984); *United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964); *State v. Moulden,* 292 Md. 666, 675, 441 A.2d 699 (1982); *Sweetwine v. State,* 288 Md. 199, 203–205, 421 A.2d 60, *cert. denied,* 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980); *Parks v. State,* 287 Md. 11, 15, 410 A.2d 597 (1980).

In *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), a case relied on by Huffington in support of his position, the Supreme Court dealt with a situation in which the above-discussed rule was held inapplicable. The *Green* case, however, does not support Huffington's argument. On the contrary, it militates against it. In that case the defendant Green was charged with arson and murder, and he pled not guilty. With respect to the murder count, the jury was instructed that it could find Green guilty of either first or second degree murder under that count. The jury returned guilty verdicts of arson and second degree murder but was silent on the charge of first degree murder. Green successfully appealed his conviction and, on retrial, was convicted of first degree murder. The Supreme Court reversed, treating the jury's silence as an implicit acquittal of first degree murder and holding that the retrial on the charge of first degree murder violated Green's Fifth Amendment right not to be placed twice in jeopardy. Nevertheless, the Supreme Court in *Green* pointed out that "a defendant can be tried a second time for an offense when his prior conviction for that same offense had been set aside on appeal. *United States v. Ball,* 163 U.S. 662 [16 S.Ct. 1192, 41 L.Ed. 300]." 355 U.S. at 189, 78 S.Ct. at 224. The Court went on to hold that the rule of the *Ball* case was inapplicable in *Green* because "[a]t this new trial Green was tried again, not for second degree murder, but for first degree murder, even though the original jury had refused to find him guilty of that charge and it was in no way involved in his appeal." *Id.* at 190, 78 S.Ct. at 225.

■ Under the teaching of the *Green* case, therefore, Huffington could not be retried on the charges of premeditated murder because the jury had previously acquitted him of those charges and they were not involved in his appeal. This was conceded by the State. But, like the situation with regard to the second degree murder charge in *Green*, Huffington was convicted of felony murders, and he had those convictions set aside on appeal. Just as the defendant Green could have been retried for second degree murder under the principle of *United States v. Ball*, Huffington can be retried for felony murder.[6]

---

**6.** Where a criminal defendant has been acquitted of one form of murder but convicted of the same killing under another form of murder, and has obtained a reversal of his conviction on appeal, cases in other jurisdictions have generally permitted a retrial so long as the defendant is not retried under the same theory of murder of which he had previously been acquitted. *See, e.g., Wilson v. Meyer,* 665 F.2d 118, 125 (7th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982); *United States ex rel. Jackson v. Follette,* 462 F.2d 1041, 1049 (2d Cir.), *cert. denied,* 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 496 (1972); *People v. Bloeth,* 16 N.Y.2d 505, 260 N.Y.S.2d 446, 208 N.E.2d 177 (1965), *cert. denied,* 384 U.S. 1007, 86 S.Ct. 1940, 16 L.Ed.2d 1020 (1966).