508 A.2d 1010

**Ronald Nathaniel WOOTEN–BEY**

v.

**STATE of Maryland**

No. 1225, Sept. Term, 1985.

Court of Special Appeals of Maryland.

May 16, 1986.

George E. Burns, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Ronald M. Levitan, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Arthur A. Marshall, Jr., State's Atty. for Prince George's County and Robert H. Harvey, Jr., Asst. State's Atty. for Prince George's County, on brief, Upper Marlboro), for appellee.

Submitted before ADKINS, ALPERT and BLOOM, JJ.

ADKINS, Judge.

The question presented in this appeal is whether the Double Jeopardy Clause of the Fifth Amendment bars a retrial of the appellant for felony murder following a declaration of a mistrial on that offense because the jury could not agree on a verdict.

On March 11–14, 1985, Ronald Nathaniel Wooten-Bey, the appellant, was tried by a jury in the Circuit Court for Prince George's County (Chasanow, J.) on a multi-count indictment charging first-degree premeditated murder, felony murder, second-degree murder, manslaughter, attempted robbery with a deadly weapon, conspiracy to commit robbery, and use of a handgun in the commission of a crime of violence.

On March 14, 1985, the jury found the appellant guilty of conspiracy to commit robbery, but not guilty of premeditated murder, second-degree murder, and manslaughter. The

jury could not agree on a verdict as to felony murder, attempted robbery, or the handgun offense.

■ When the State sought to retry the appellant on the counts for which no verdict was rendered, the appellant moved to dismiss the felony murder count on the grounds that a retrial on that count would violate the Double Jeopardy Clause of the Fifth Amendment. On September 30, 1985, the motion to dismiss was denied (Femia, J.). This appeal was taken from that order.[1]

The appellant presents alternative theories as to why a retrial on the felony murder count would violate the Double Jeopardy Clause of the Fifth Amendment: first, he contends that his acquittal for premeditated murder bars his retrial for felony murder because they are the same offense for purposes of the double jeopardy prohibition against successive trials; second, he contends that his acquittal for second-degree murder and manslaughter bars his retrial on the principle of collateral estoppel. We will address each separately.

■ "When a criminal defendant takes an appeal and succeeds in having his conviction reversed on a ground other than the sufficiency of the evidence, the Fifth Amendment's Double Jeopardy Clause does not preclude a retrial of the defendant on the same charges." *Huffington v. State*, 302 Md. 184, 189, 486 A.2d 200 (1985). Similarly, the Double Jeopardy Clause does not bar a retrial following the declaration of a mistrial for "manifest necessity," e.g., a hung jury. *See* R. Gilbert and C. Moylan, *Maryland Criminal Law: Practice and Procedure:* Sec. 37.7 (1983) and *Cook v. State*, 281 Md. 665, 668, n. 2, 381 A.2d 671 (1978).

■ "In Maryland the homicide of one person ordinarily gives rise to a single homicide offense, and multiple prose-

---

1. Where a motion to dismiss is based on a double jeopardy contention, a pretrial order denying the motion is immediately appealable. *Evans v. State*, 301 Md. 45, 49 n. 2, 481 A.2d 1135 (1984); *Bowling v. State*, 298 Md. 396, 401 n. 4, 470 A.2d 797 (1984).

cutions or punishments for different homicide offenses, based on the slaying of one person, are generally precluded." *Huffington, supra,* 302 Md. at 189, n. 4, 486 A.2d 200. Consequently, "if a defendant had been prosecuted solely on a theory of premeditated murder, had been convicted or acquitted, and there had been no appeal, the prosecution would not be permitted to prosecute him a second time on the theory of felony murder." *Id.* However, where a criminal defendant has been acquitted of one form of murder but convicted of the same killing under another form of murder, and has obtained a reversal of his conviction on appeal, a retrial is permitted so long as the defendant is not retried under the same theory of murder of which he had previously been acquitted. *Huffington, supra.*

The appellant in the instant case seeks to distinguish the facts of his case from those of *Huffington.* He seems to suggest that since a mistrial is equivalent to no trial at all, *Cook v. State,* 281 Md. 665, 671, 381 A.2d 671 (1978), he was therefore not prosecuted on the theory of felony murder, and his acquittal on premeditated murder precludes a second prosecution for the same homicide on the theory of felony murder. We decline to accept that logic. In our view, the declaration of a mistrial for manifest necessity is the equivalent of a reversal of a conviction on appeal, for double jeopardy purposes. It follows that the appellant's acquittal for premeditated murder does not bar his retrial for felony murder.

The appellant's alternative theory is based upon the principle of collateral estoppel.

"[T]he doctrine of collateral estoppel applies after a jury, at a single trial, acquits on one count of a multicount indictment and is unable to agree upon a verdict on a related count of the same indictment involving a common issue of ultimate fact, which if found in favor of an accused would establish his innocence on both counts." *Powers v. State,* 285 Md. 269, 288, 401 A.2d 1031 (1979). Stated another way, "If the factual issue in a case is so exclusive

that a verdict of acquittal must have, by logical necessity, decided a particular fact in favor of a defendant, then the State will be barred by collateral estoppel principles from relitigating that fact even in the trial of a different case." R. Gilbert and C. Moylan, *supra*, Sec. 37.8.

■ The appellant contends that his acquittal for second-degree murder and manslaughter, by logical necessity, decided in his favor an issue of ultimate fact, in common with the crime of felony murder, which "finally determined that appellant was not guilty of a culpable homicide." We disagree.

In considering whether the doctrine of collateral estoppel applies in a particular case, the court must "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), quoted in *Powers, supra*, 285 Md. at 278, 401 A.2d 1031.

Insofar as is pertinent to this appeal, the evidence in the instant case presented two possible versions of how the homicide occurred. In both versions, the victim was killed as a result of the accidental discharge of a gun held by the appellant. In the State's version, the killing occurred in the course of the perpetration of an attempted armed robbery. In the appellant's version, it did not.

The jury was instructed that a felony murder is a killing, even if it is committed without any intent to kill, committed in the course of an attempt to commit an armed robbery; that a second-degree murder is a killing with an intent to kill or an intent to commit grievous bodily harm; and that manslaughter is a killing resulting from grossly negligent conduct.

The jury found the appellant not guilty of second-degree murder and manslaughter, but were unable to agree on a

verdict as to felony murder or attempted robbery with a deadly weapon.

The jury could have grounded its verdict on second-degree murder upon a finding that there had been no intent to kill or to commit grievous bodily harm. The verdict on manslaughter could have been grounded upon a finding that there had been no grossly negligent conduct. Neither intent to kill nor negligence is a necessary element in the crime of felony murder. Indeed, it appears that the jury's inability to agree on a verdict as to attempted robbery with a deadly weapon was the cause of its inability to agree on a verdict as to felony murder. It follows that the jury's acquittal of the appellant for second-degree murder and manslaughter did not find an issue of ultimate fact in favor of the appellant which would, by logical necessity, establish his innocence of felony murder. The appellant's retrial for felony murder is not barred by the Double Jeopardy Clause of the Fifth Amendment.

ORDER AFFIRMED.

COSTS TO BE PAID BY THE APPELLANT.