519 A.2d 735

**Arthur ROSS, Jr.**

**v.**

**STATE of Maryland.**

**No. 84, Sept. Term, 1985.**

Court of Appeals of Maryland.

Jan. 14, 1987.

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee.

Argued before * SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), specially assigned.

McAULIFFE, Judge.

This appeal raises the question of whether use of the short form indictment specified by Maryland Code (1957, 1982 Repl.Vol.) Art. 27, § 616 to charge all forms of murder adequately protects a defendant's constitutional right of fair notice and due process. We hold that it does.

The Appellant, Arthur Ross, Jr., was indicted jointly with Robert Clark on charges of "feloniously, wilfully and of their deliberately premeditated malice aforethought," killing and murdering Millicent Yvonne Johnson, and of robbery of Ms. Johnson with a dangerous and deadly weapon and related charges. The language of the murder count followed exactly the approved language of the short form indictment for murder codified at Art. 27, § 616 of the Code.

Ross was tried on these charges before a jury in the Circuit Court for Prince George's County with Judge Howard Chasanow presiding. At the close of the State's case, and again at the conclusion of all the evidence, Ross moved for a judgment of acquittal on the murder count on the grounds that the evidence was legally insufficient to show a deliberate, wilful and premeditated murder, and that he could not be convicted on a theory of felony murder because he was charged only with premeditated murder. Additionally, Ross interposed a timely objection to instructions to the jury on the theory of felony murder. Judge Chasanow denied the motions and instructed the jury on the appropriate principles of the law of felony murder. By special

---

* SMITH, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

verdict the jury found that premeditated murder had not been proven, but that Ross was guilty of felony murder and armed robbery. Judge Chasanow sentenced Ross to life imprisonment for the murder and determined that the conviction of armed robbery merged with that of felony murder.

The judgment of conviction was affirmed by the Court of Special Appeals in 1983, following an appeal on issues unrelated to the present case. *Ross v. State,* 53 Md.App. 397, 453 A.2d 828 (1983). As a result of a post conviction proceeding, Ross was permitted to pursue an additional appeal and to raise the grounds now before us. The Court of Special Appeals again affirmed the conviction, in an unreported per curiam opinion. We granted certiorari.

Murder is the killing of one human being by another with the requisite malevolent state of mind and without justification, excuse, or mitigation.[1] These qualifying malevolent states of mind are: 1) the intent to kill, 2) the intent to do grievous bodily harm, 3) the intent to do an act under circumstances manifesting extreme indifference to the value of human life (depraved heart),[2] or 4) the intent to commit a dangerous felony. R. Perkins, *Criminal Law* 46 (2d ed. 1969). At common law murder was not divided into degrees, and the penalty for any murder was death unless the transgressor was entitled to the benefit of clergy.[3] In 1809, perceiving that the several forms of murder varied greatly in degree of atrociousness and concluding that the

---

**1.** Courts and commentators have used the term "malice" as a type of legal shorthand to embrace the elements of 1) the presence of the required malevolent state of mind, and 2) the absence of legally adequate justification, excuse or circumstances of mitigation. While perhaps helpful to avoid cumbersome repetition in legal writing, use of the term carries with it a substantial potential for confusion.

**2.** *See Robinson v. State,* 307 Md. 738, 745, 517 A.2d 94 (1986).

**3.** Originally, benefit of clergy was extended only to members of the clergy. Later, however, it was extended to anyone demonstrating an ability to read.

penalty should match the seriousness of the offense, the Legislature created two classifications of murder and abolished the concept of benefit of clergy.

> [A]ll murder which shall be perpetrated by means of poison, or by lying in wait, or by any kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempt to perpetrate, [enumerated felonies] shall be deemed murder of the first degree; and all other kind of murder shall be deemed murder of the second degree....

Chapter 138, § 3, Laws of Maryland, 1809.[4]

These provisions, with style changes and the addition of certain felonies, are now codified at §§ 407–411 of Art. 27, Maryland Code (1957, 1982 Repl.Vol.). Where murder is established, and where it is further shown that the murder was deliberate, wilful and premeditated, this murder is of the first degree. Article 27, § 407.[5] Additionally, the commission of a homicide in the perpetration or attempted perpetration of any of the felonies enumerated in §§ 408–410 constitutes murder in the first degree, *Campbell v. State*, 293 Md. 438, 444 A.2d 1034 (1982), but in such case it is not necessary to prove a specific intent to kill or to do grievous bodily harm. *State v. Frye*, 283 Md. 709, 393 A.2d 1372 (1978); *Newton v. State*, 280 Md. 260, 373 A.2d 262 (1977); *Evans v. State*, 28 Md.App. 640, 696, 349 A.2d 300 (1975), *aff'd* 278 Md. 197, 362 A.2d 629 (1976); *Smith v. State*, 41 Md.App. 277, 398 A.2d 426 (1979).

■ Accordingly, a conviction of first degree murder may be proved *either* by showing deliberation, wilfulness and

---

**4.** This statute followed very closely the wording of a statute enacted by the Pennsylvania Legislature in 1794. *See* L. Hochheimer, *Crimes and Criminal Procedure* § 6, at 395 (1897).

**5.** The Court of Special Appeals has stated that § 407 additionally classifies all murder perpetrated by means of poison or by lying in wait as murder in the first degree, even in the absence of premeditation. *Smith v. State*, 41 Md.App. 277, 284–85, 398 A.2d 426 (1979). That interpretation of § 407 is not before us, and we express no opinion as to it.

premeditation (premeditated murder), or by showing a homicide committed in the perpetration, or attempted perpetration, of one of the enumerated felonies (felony murder). There is but one offense—murder in the first degree—but that offense may be committed in more than one way. As we explained in *Newton, supra,* 280 Md. at 272, 373 A.2d 262, and repeated in *Huffington v. State,* 302 Md. 184, 188, 486 A.2d 200 (1985), *reconsideration denied, Foster, Evans, and Huffington v. State,* 305 Md. 306, 503 A.2d 1326, *cert. denied,* —— U.S. ——, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986):

> [P]roof of the underlying felony is itself an essential element of first degree murder under the felony murder doctrine. As previously discussed, first degree murder requires proof of wilfulness, deliberation and premeditation *or* proof of a killing during an enumerated felony. The underlying felony is one of two alternative elements of the crime. It is not merely evidence creating a rebuttable presumption that wilfulness, deliberation and premeditation were present. Once the State proves a killing during an enumerated felony, the offense of first degree murder is necessarily established, regardless of any evidence relative to wilfulness, deliberation and premeditation.

Ross argues that he was denied due process of law and the right to be informed of the nature and cause of the accusation against him—rights guaranteed to him by the Sixth and Fourteenth Amendments of the United States Constitution and by the Twenty-first article of the Maryland Declaration of Rights—because the charging document failed to inform him the State was proceeding on a felony murder theory. Moreover, he contends the error is one of commission as well as omission because the indictment specifically charges the premeditated species of murder.

The Legislature first provided for the use of a short form indictment in criminal homicide cases by the enactment of

Chapter 248 of the Laws of Maryland, 1906.[6] The formula thereby established and expressly made applicable to all murder and manslaughter cases remains the same today with only the addition of the words "against the peace, government and dignity of the State" added by Chapter 558 of the Acts of 1963. Section 616 of Art. 27 provides:

In any indictment for murder or manslaughter, or for being an accessory thereto, it shall not be necessary to set forth the manner or means of death. It shall be sufficient to use a formula substantially to the following effect. "That A.B., on the ..... day of ..... nineteen hundred and ....., at the county aforesaid, feloniously (wilfully and of deliberately premeditated malice afore-thought) did kill (and murder) C.D. against the peace, government and dignity of the State."

The first count of Appellant's indictment against Ross precisely tracked the legislative formula:

"The Grand Jurors of the State of Maryland, for the body of Prince George's County, on their oath do present that ROBERT CARWAY CLARK and ARTHUR (NMN) ROSS, JR. late of Prince George's County, aforesaid, on or about the 9th day of May, in the year of our Lord nineteen hundred and eighty one, at Prince George's County aforesaid, feloniously, wilfully and of their deliberately premeditated malice aforethought, did kill and murder Millicent Yvonne Johnson, in violation of the

---

**6.** This statute and a number of similar statutes enacted in other states followed closely the language of § 6, ch. 100, 24 & 25 Victoria, enacted in England in 1861. That section of the British statute provided:

In any Indictment for Murder or Manslaughter, or for being an Accessory to any Murder or Manslaughter, it shall not be necessary to set forth the Manner in which or the Means by which the Death of the Deceased was caused, but it shall be sufficient in any Indictment for Murder to charge that the Defendant did feloniously, wilfully, and of his Malice aforethought kill and murder the Deceased; and it shall be sufficient in any Indictment for Manslaughter to charge that the Defendant did feloniously kill and slay the Deceased....

Common Law of Maryland, and against the peace, government and dignity of the State."

Appellant challenges the constitutionality of the statute as used to charge felony murder.

■ We conclude that the statute is constitutional as applied in this case. The indictment against Ross, in addition to identifying the victim and the time and place of the offense, fully apprised Ross that he was charged with murder in the first degree. This information satisfies the constitutional requirements of notice. As we have pointed out, murder in the first degree may be proved in more than one way. There is no requirement, however, that a charging document must inform the accused of the specific theory on which the State will rely. Furthermore, we have recently upheld against a similar constitutional attack the use of a short form indictment that characterized the crime without setting forth the elements of that offense or the means by which it was committed. *Jones v. State*, 303 Md. 323, 493 A.2d 1062 (1985) (consolidated theft statute).

The first recorded challenge to the constitutionality of § 616 came in 1928,[7] in *Neusbaum v. State*, 156 Md. 149, 143 A. 872 (1928). The short form indictment was used to charge manslaughter, and our predecessors held that an allegation that Neusbaum, on a stated date in the City of Baltimore, "feloniously ... did kill and slay William Powell" was sufficient without including an allegation of the manner or means by which the death was caused. Twenty years later, in *Wood v. State*, 191 Md. 658, 62 A.2d 576 (1948), the appellant mounted an attack on the constitutionality of the short form indictment that is nearly identical to the attack now mounted by Ross. Wood objected to the admission of any evidence pertaining to the commission of a robbery, claiming that he had been indicted on a charge of premeditated murder and was therefore not put on notice that the State would attempt to prove felony murder. The

---

7. Section 616 was then codified at Art. 27, § 563.

language used to charge Wood tracked the statutory formula, and as in the case before us charged that the defendant "feloniously, wilfully and of deliberately premeditated malice aforethought, did kill and murder" the victim. This Court rejected Wood's argument, holding that an indictment in the language of the statutory short form was sufficient to put the accused on notice that the State might proceed on a theory of premeditated murder, or felony murder, or both. Judge Henderson pointed out for the Court that prior to the adoption of the statutory short form there was no requirement that felony murder be specifically alleged, and that an indictment for murder in the common law form would permit proof and conviction on a theory of felony murder. Consequently, he reasoned, "the statutory form could hardly be construed to impose additional requirements in this respect." *Id.*, at 667, 62 A.2d 576.

In *State v. Ward*, 284 Md. 189, 396 A.2d 1041 (1978), we held that an indictment in the statutory short form will support a conviction of being an accomplice before the fact of murder, and more recently in *Hardy v. State*, 301 Md. 124, 137–38, 482 A.2d 474 (1984), we repeated the settled rule that a charge of murder may be made in either the common law form or the statutory short form.

A defendant charged in the statutory language employed in this case is clearly apprised that he is being charged with the crime of murder and that he may be convicted of murder in either degree, or manslaughter. That defendant is also told when and where the homicide occurred, and the identity of the victim. He is not told whether the State will proceed upon one or another, or upon several theories concerning the particular malevolent state of mind alleged to have been present, but neither is he entitled to this information as a matter of constitutional due process. We have held that even where it is proper or desireable to require the State to furnish a defendant with additional *facts* by means of a bill of particulars, that procedure may not be employed to require the State to select or announce the *theory* upon which it will proceed. *Spector v. State,*

289 Md. 407, 422, 425 A.2d 197, *cert. denied*, 452 U.S. 906, 101 S.Ct. 3032, 69 L.Ed.2d 407 (1981). It is appropriate in the context of this case to point out that the courts of this State have been quite liberal in granting particulars where indictments have been drawn in the short forms permitted by statute, *id.*, at 422, 425 A.2d 197, and that in certain instances where the indictment fails to allege the specific manner in which the crime was committed, particulars may be required. *State v. Morton*, 295 Md. 487, 456 A.2d 909 (1983).

■ The indictment in this case was sufficient to protect the accused from a future prosecution for the same offense. If a prosecution for murder brought in this form proceeded to a general verdict of not guilty, the State could not again prosecute for the same homicide, claiming a new theory of malevolent state of mind. Because murder is a single offense, the State is ordinarily required to proceed upon all available theories in a single prosecution, and it may not bring seriatim prosecutions for the same offense by alleging separate legal theories. *Jones, supra*, 303 Md. at 341, 493 A.2d 1062; *Huffington, supra*, 302 Md. at 189–91, 486 A.2d 200. Of course, where a special verdict is employed, a finding that murder has not been proven under one theory does not necessarily prevent a conviction of murder under an alternative theory. *Huffington, supra*.

This Court has looked with favor upon the general trend of relaxing the formal requirements of indictments to avoid the prolix and often overly technical rules of common law pleading in favor of the shorter and simpler forms. *State v. Chaney*, 304 Md. 21, 497 A.2d 152 (1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 824, 88 L.Ed.2d 796 (1986); *Jones, supra; Williams v. State*, 302 Md. 787, 490 A.2d 1277 (1985); *State v. Williamson*, 282 Md. 100, 382 A.2d 588 (1978); *Shelton v. State*, 198 Md. 405, 84 A.2d 76 (1951); *State v. Wheatley*, 192 Md. 44, 63 A.2d 644 (1949). At the same time we recognize that the basic right of a criminal defendant to fair notice must not be sacrificed on the altar

of convenience or simplicity. In this case, where there can be no doubt that the accused was aware he was charged with murder in the first degree, and where it has been the clear and unchanged law of this State for more than 80 years that a charge of murder in this form may be made out by proof of premeditated murder or proof of felony murder, it cannot be said that Ross was misled, or in any way deprived of his constitutional right to fair notice.

JUDGMENT AFFIRMED WITH COSTS.