520 A.2d 1090

**Ronald N. WOOTEN-BEY**

v.

**STATE of Maryland.**

**No. 84, Sept. Term, 1986.**

Court of Appeals of Maryland.

Feb. 9, 1987.

George E. Burns, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Ronald M. Levitan, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired) Specially Assigned.

CHARLES E. ORTH, Judge.

When Ronald Nathaniel Wooten-Bey came before the Circuit Court for Prince George's County to answer the charges of murder and related offenses returned against him, he put himself upon his country. The jury convicted him of conspiring to commit robbery. It found him not guilty of premeditated murder, murder in the second degree, and manslaughter. It was unable to reach a verdict on felony murder, attempted robbery with a deadly weapon,

and the use of a handgun in the commission of a crime of violence, and the court declared a mistrial as to those offenses. The State sought to retry him on the charges on which the jury had hung. Wooten-Bey filed a motion to dismiss the felony murder charge on the ground that a retrial on that crime would violate the constitutional prohibition against double jeopardy. The motion was denied and he took an immediate appeal from the order of denial. *See Evans v. State,* 301 Md. 45, 49 n. 2, 481 A.2d 1135 (1984); *Bowling v. State,* 298 Md. 396, 401 n. 4, 470 A.2d 797 (1984). The Court of Special Appeals affirmed. *Wooten-Bey v. State,* 67 Md.App. 606, 508 A.2d 1010 (1986). We granted certiorari to determine the propriety of the affirmance by the intermediate appellate court. The question is

> whether an accused acquitted by a jury of premeditated murder, second degree murder, and manslaughter, may be retried for felony murder when the jury was unable to agree on a verdict as to that crime, resulting in a mistrial thereon.

I

Wooten-Bey first contends that his acquittal of premeditated murder and the mistrial as to felony murder due to the inability of the jury to reach a verdict bars a retrial on felony murder. His reasoning is straightforward. The Fifth Amendment to the United States Constitution declares that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb...." [1] Premeditated murder and felony murder, he claims, are but one offense. Therefore, he urges, because of his acquittal on premeditated murder, another trial on felony murder would violate the

---

[1] The prohibition flows to the states through the Fourteenth Amendment to the United States Constitution. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

Wooten-Bey does not argue the Maryland common law double jeopardy prohibition. *See Blondes v. State,* 273 Md. 435, 330 A.2d 169 (1975).

Fifth Amendment prohibition by putting him twice in jeopardy for the same offense.

### (A)

We first examine the premise on which Wooten-Bey's argument is based—that premeditated murder and felony murder are the same offense.

In *Ross v. State*, 308 Md. 337, 519 A.2d 735 (1987), McAuliffe, J., speaking for the Court, clearly explained the crime of murder as it exists in Maryland.

> Murder is the killing of one human being by another with the requisite malevolent state of mind and without justification, excuse, or mitigation. These qualifying malevolent states of mind are: 1) the intent to kill, 2) the intent to do grievous bodily harm, 3) the intent to do an act under circumstances manifesting extreme indifference to the value of human life (depraved heart), or 4) the intent to commit a dangerous felony. *Id.* at 340–341 (footnotes and citation omitted).

The legislature has divided murder into first degree and second degree and prescribed penalties. Md.Code (1957, 1982 Repl.Vol.) Art. 27, §§ 407–411. Included in the designations of murder in the first degree are murder "perpetrated by ... any kind of wilful, deliberate and premeditated killing ...," § 407, and all murder committed in the perpetration of certain enumerated felonies, §§ 408–410. "All other kinds of murder [not designated as murder in the first degree] shall be deemed murder in the second degree," § 411.

The statutory division of murder into degrees did not create new offenses, "but merely divide[d] the common law crime, and mitigate[d] the punishment in cases of the second degree." *Wood v. State*, 191 Md. 658, 666, 62 A.2d 576 (1948). Likewise, the statutes designating murders committed in the perpetration of certain felonies to be in the first degree do not create new crimes, but merely serve the purpose of classifying those felony murders as in the first degree. *Id.* at 666–667, 62 A.2d 576. Furthermore, the

legislative establishment of a formula for a short form indictment made applicable to all murder and manslaughter cases, Art. 27, § 616, does not create any new crime, "but merely furnishes a shortened statutory form which may, but need not, be used in lieu of the common law forms." 191 Md. at 667, 62 A.2d 576. In short, the legislative enactments deal with murder "as a general denomination" and leave "[i]ts common law sense ... unimpaired." *Davis v. State*, 39 Md. 355, 374 (1874). Therefore, we have recognized that "historically, and for some purposes today, all murder is regarded as a single crime." *Huffington v. State*, 302 Md. 184, 188, 486 A.2d 200 (1985).[2] This leads us to inquire whether premeditated murder and felony murder are to be deemed one offense for the purpose of invoking the double jeopardy prohibition in the circumstances of this case.

Initially, we observe that we have made clear that premeditated murder and felony murder do not have identical elements. *Huffington*, 302 Md. at 188, 486 A.2d 200. We explicated this view in *Ross*, 308 Md. at 340–341:

Where murder is established, and where it is further shown that the murder was deliberate, wilful and premeditated, this murder is of the first degree. Additionally, the commission of a homicide in the perpetration or attempted perpetration of any of the felonies enumerated in §§ 408–410 constitutes murder in the first degree, but in such case it is not necessary to prove a specific intent to kill or to do grievous bodily harm (footnote and citations omitted).

Thus it is that the crime of first degree murder

may be proved *either* by showing deliberation, wilfulness and premeditation (premeditated murder), or by showing

---

2. Huffington was before this court also in 295 Md. 1, 452 A.2d 1211 (1982); 304 Md. 559, 500 A.2d 272 (1985); 305 Md. 306, 503 A.2d 1326 (1986) (*reconsideration denied*). The Supreme Court denied certiorari, — U.S. ——, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986).

Reference to *Huffington v. State* in this opinion is to the opinion reported in 302 Md. 184, 486 A.2d 200 (1985).

a homicide committed in the perpetration, or attempted perpetration, of one of the enumerated felonies (felony murder).[3] There is but one offense—murder in the first degree—but that offense may be committed in more than one way. *Id.* at 341 (emphasis in original).

As *Ross* points out, 308 Md. at 341–342, this was explained in *Newton v. State,* 280 Md. 260, 272, 373 A.2d 262 (1977), and the explanation was repeated in *Huffington,* 302 Md. at 188–189, 486 A.2d 200:

[P]roof of the underlying felony is itself an essential element of first degree murder under the felony murder doctrine. As previously discussed, first degree murder requires proof of wilfulness, deliberation and premeditation *or* proof of a killing during an enumerated felony. The underlying felony is one of two alternative elements of the crime. It is not merely evidence creating a rebuttable presumption that wilfulness, deliberation and premeditation were present. Once the State proves a killing during an enumerated felony, the offense of first degree murder is necessarily established, regardless of any evidence relative to wilfulness, deliberation and premeditation (emphasis in original).

Although premeditated murder and felony murder do not have identical elements, "generally for purposes of the double jeopardy provisions against successive trials or multiple punishments, [they] would be deemed the same offense." *Huffington,* 302 Md. at 188 and 189, 486 A.2d 200. We gave an example of this general rule:

[I]f a defendant had been prosecuted solely on a theory of premeditated murder, had been convicted or acquitted, and there had been no appeal, the prosecution would not be permitted to prosecute him a second time for the same homicide on a theory of felony murder. *Id.* at 189, 486 A.2d 200 (footnote omitted).

---

**3.** Robbery is one of the enumerated felonies. Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 410.

(B)

■ The determination whether, in the circumstances of a particular case, premeditated murder and felony murder are within or without the general rule, ordinarily brings into play two settled principles. One is that the double jeopardy clause of the Fifth Amendment prohibits the State from trying a person for an offense after he has been acquitted of the same offense. *Huffington,* 302 Md. at 187, 486 A.2d 200. *See Green v. United States,* 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *Block v. State,* 286 Md. 266, 268, 407 A.2d 320 (1979); *Pugh v. State,* 271 Md. 701, 705, 319 A.2d 542 (1974). The other is that "[w]hen a criminal defendant takes an appeal and succeeds in having his conviction reversed on a ground other than the sufficiency of the evidence, the Fifth Amendment's Double Jeopardy Clause does not preclude a retrial of the defendant on the same charges." *Huffington,* 302 Md. at 189, 486 A.2d 200. (footnote omitted). This principle was settled almost a century ago by *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). In short: "It is elementary in our law that a person can be tried a second time for an offense when his prior conviction for that same offense has been set aside by his appeal." *Forman v. United States,* 361 U.S. 416, 425, 80 S.Ct. 481, 486, 4 L.Ed.2d 412 (1960). We noted in *Huffington,* 302 Md. 191 n. 6, 486 A.2d 200:

Where a criminal defendant has been acquitted of one form of murder but convicted of the same killing under another form of murder, and has obtained a reversal of his conviction on appeal, cases in other jurisdictions have generally permitted a retrial so long as the defendant is not retried under the same theory of murder of which he had previously been acquitted (citing cases).

It was under these principles that the Supreme Court decided *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199. Green was tried on a charge which permitted a verdict of guilty of first degree murder or second degree murder. The jury found him guilty of second degree murder, but, in effect, acquitted him of first degree murder.

The conviction was overturned on appeal and on retrial he was convicted of first degree murder. The Supreme Court reversed. The retrial on the first degree murder charge on which he had been acquitted violated the Fifth Amendment double jeopardy prohibition. But, the Court pointed out, he could be retried for second degree murder under the principle of *Ball.* 355 U.S. at 189, 78 S.Ct. at 224. *See Huffington,* 302 Md. at 190, 486 A.2d 200.

*Huffington* involved comparable circumstances to those in *Green,* and we looked to *Green* in reaching a similar result. We held that Huffington, whose convictions by a jury of two felony murders had been set aside on appeal, could be retried on those offenses despite that the jury had acquitted him on charges that the murders were premeditated. 302 Md. at 191, 486 A.2d 200. We said that under the teaching in *Green,* Huffington could not be retried on the premeditated murder charges because the jury had previously acquitted him. 302 Md. at 191, 486 A.2d 200. (The State conceded this. *Id.* at 185–186, 486 A.2d 200, *per curiam* order.) Huffington was outside the general rule that premeditated murder and felony murder are deemed to be one offense for the purpose of double jeopardy provisions because he had his convictions of felony murder set aside on his appeal. "Just as the defendant Green could have been retried for second degree murder under the principle of *United States v. Ball,* Huffington [could] be retried for felony murder." 302 Md. at 191, 486 A.2d 200.

The circumstances with respect to Huffington and Wooten-Bey are the same in that each was prosecuted for both premeditated murder and felony murder, and each was acquitted as to premeditated murder and could not be retried thereon. They differ in that Huffington was convicted of felony murder and had the conviction set aside on appeal, and, therefore, could be retried on that offense, while the prosecution of Wooten-Bey on felony murder ended in a mistrial because the jury was unable to agree upon a verdict. Query: What is the impact of the mistrial on the general rule?

Wooten-Bey seeks to bring his case squarely within the example set out in *Huffington* at 189, 486 A.2d 200 to illustrate the application of the general rule. He claims that "[t]he effect of the mistrial as to felony murder was the same as if it had never been before the jury," looking to *Powers v. State*, 285 Md. 269, 285, 401 A.2d 1031 (1979) and *Cook v. State*, 281 Md. 665, 671, 381 A.2d 671 (1978). He distinguishes the *Huffington* holding because in the instant case there was no conviction of felony murder and thus no reversal on appeal so as to bring his circumstances within the ambit of *Ball* and the reasoning of *Huffington.* He maintains that since he was, in effect, not prosecuted for felony murder by reason of the mistrial, his acquittal on premeditated murder precludes, under the general rule, a second prosecution on the theory of felony murder for the same homicide. The Court of Special Appeals declined to accept this logic. Its view was that, for double jeopardy purposes, "the declaration of a mistrial for manifest necessity is the equivalent of a reversal of a conviction on appeal." *Wooten-Bey,* 67 Md.App. at 610, 508 A.2d 1010. It follows, concluded the court, "that [Wooten-Bey's] acquittal for premeditated murder does not bar his retrial for felony murder." *Id.*

We agree. In a "fountainhead decision" delivered over 150 years ago, the Supreme Court of the United States asserted that "the Fifth Amendment's double jeopardy clause did not preclude a retrial where a mistrial was declared because of the jury's inability to reach a verdict." *United States v. Perez,* 22 U.S. (9 Wheat.), 579 6 L.Ed. 165 (1824). This was in accord with the standard set out by the Court for the declaration of a mistrial—that it is within the judge's discretion but that the judge should, in exercising that discretion, declare a mistrial only where "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *Id.* at 580. This standard has governed the cases of the Supreme Court and this State ever since. *Cornish v. State,* 272 Md. 312, 317, 322 A.2d 880 (1974). It is perfectly obvious that there is generally a

"manifest necessity" for the judge to declare a mistrial when the jury is unable to reach a verdict in a criminal cause, so that ordinarily a retrial is permitted. This teaching of *Perez* has enjoyed not only virtually universal acceptance in the federal courts and state courts of other jurisdictions, *see Cornish* at 318, 322 A.2d 880, but has been consistently recognized by this Court. We said in *Neal v. State*, 272 Md. 323, 327–328, 322 A.2d 887 (1974):

> Although jeopardy attached when the jury was sworn, it was dissipated by the declaration of a mistrial, in the absence of any abuse of discretion.... It has long been settled that under such circumstances, a defendant is not relieved from further liability, any more than he is when his motion for a new trial is granted, or when his conviction is reversed on appeal, [or] where [a] jury, unable to agree on a verdict, was discharged by the court.... (citations and footnote omitted).

When the mistrial in the case *sub judice* is considered in the light of the holding in *Perez* and the rationale of *Huffington*, it is apparent that Wooten-Bey is not exempted by the double jeopardy prohibition of the Fifth Amendment from being retried for felony murder. He may be retried on that charge, and we so hold.

## II

Wooten-Bey presents an alternative theory as to why he may not be retried for felony murder. He again looks to the double jeopardy prohibition of the Fifth Amendment, but this time as it encompasses the doctrine of collateral estoppel. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). He applies the doctrine in the light of his acquittals of second degree murder and manslaughter.

> [T]he doctrine of collateral estoppel applies after a jury, at a single trial, acquits on one count of a multicount indictment and is unable to agree upon a verdict on a related count of the same indictment involving a common issue of ultimate fact, which if found in favor of an

accused would establish his innocence on both counts. *Powers v. State,* 285 Md. at 288 [401 A.2d 1031].

R. Gilbert and C. Moylan, *Maryland Criminal Law: Practice and Procedure,* § 37.8 at page 450 (1983), put it this way:

> If the factual issue in a case is so exclusive that a verdict of acquittal must have, by logical necessity, decided a particular fact in favor of a defendant, then the State will be barred by collateral estoppel principles from relitigating that fact even in the trial of a different case.

In *Powers* we noted that the doctrine of collateral estoppel in criminal cases "is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." 285 Md. at 278, 401 A.2d 1031, *quoting Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194. The court must conduct an inquiry as to the application of the doctrine, and the inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Id.* The court must

> examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. *Id.*

The Court of Special Appeals followed these guidelines. It examined the record of the trial. Adkins, J. (now an Associate Judge of this Court), speaking for the intermediate appellate court, set out the results of the inquiry:

> The evidence ... presented two possible versions of how the homicide occurred. In both versions, the victim was killed as a result of the accidental discharge of a gun held by the appellant. In the State's version, the killing occurred in the course of the perpetration of an attempted armed robbery. In the appellant's version, it did not.

The jury was instructed that a felony murder is a killing, even if it is committed without any intent to kill, committed in the course of an attempt to commit an armed robbery; that a second-degree murder is a killing with an intent to kill or an intent to commit grievous bodily harm; and that manslaughter is a killing resulting from grossly negligent conduct.

The jury found the appellant not guilty of second-degree murder and manslaughter, but were unable to agree on a verdict as to felony murder or attempted robbery with a deadly weapon.

The jury could have grounded its verdict on second-degree murder upon a finding that there had been no intent to kill or to commit grievous bodily harm. The verdict on manslaughter could have been grounded upon a finding that there had been no grossly negligent conduct. Neither intent to kill nor negligence is a necessary element in the crime of felony murder. Indeed, it appears that the jury's inability to agree on a verdict as to attempted robbery with a deadly weapon was the cause of its inability to agree on a verdict as to felony murder.
*Wooten-Bey*, 67 Md.App. at 611-612, 508 A.2d 1010.

"It follows," the court concluded, "that the jury's acquittal of [Wooten-Bey] for second-degree murder and manslaughter did not find an issue of ultimate fact in favor of [him] which would, by logical necessity, establish his innocence of felony murder." *Id.* at 612, 508 A.2d 1010. We are in full accord with this conclusion and the reasoning which led to it.

The answer to the question posed on this appeal, *see supra,* is that, in the circumstances of this case, an accused acquitted by a jury of premeditated murder, second degree murder, and manslaughter, may be retried for felony murder when the jury was unable to agree on a verdict as to that crime, resulting in a mistrial. We hold, as did the Court of Special Appeals, that Wooten-Bey's retrial for

felony murder is not barred by the Double Jeopardy Clause of the Fifth Amendment.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED.*

*COSTS TO BE PAID BY APPELLANT.*