639 A.2d 710

STATE of Maryland

v.

Thomas Andrew WOODSON.

No. 1003, Sept. Term, 1993.

Court of Special Appeals of Maryland.

April 12, 1994.

David P. Kennedy, Asst. Atty. Gen., Baltimore (J.J. Joseph Curran, Jr., Atty. Gen., Baltimore and Alexander Williams, Jr., State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellant.

Nancy M. Cohen, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief) Baltimore, for appellee.

Submitted before WILNER, C.J., and BISHOP and FISCHER, JJ.

WILNER, Chief Judge.

This appeal raises an interesting double jeopardy issue that does not appear to have been addressed, in the context it arises here, in any reported decision anywhere in the country. The State, which is the appellant here, has posed the question this way:

> "Where a mistrial is declared on both a greater [inclusive] offense as to which the jury is hung, and a lesser included offense, as to which the jury has reached a verdict but has not announced it, is retrial of the greater offense permissible under the doctrines of double jeopardy and collateral estoppel?"

We shall answer that question in the negative.

The relevant facts here are undisputed. Appellee Woodson was charged in the Circuit Court for Prince George's County with distribution of cocaine (Count I), possession of cocaine with intent to distribute it (Count II), possession of cocaine (Count III), and conspiracy to distribute cocaine (Count IV). At the conclusion of Woodson's first trial, in October, 1992, the court granted a motion for judgment of acquittal as to Count IV and submitted the other three counts to the jury. After deliberating, the jury informed the court that it had reached verdicts on two of the three counts. The court inquired as to a verdict on Count I (distribution) and was told that the jury had found Woodson not guilty of that offense. The court then asked about Count II and was told that the jury had not reached a verdict on that count. Without inquiring as to the verdict reached on Count III, the court gave an *Allen* instruction and directed the jury to continue its deliberations.

Some four hours later, the jury informed the court that it was hopelessly deadlocked. The court thereupon declared a mistrial as to both Counts II and III, without making any inquiry as to the verdict apparently reached hours earlier on Count III. Over objection, Woodson was then retried on both of those counts and convicted. Following trial, he renewed his motion to dismiss both counts on grounds of double jeopardy and collateral estoppel. The court granted his post-trial motion, finding retrial on both counts barred by the double jeopardy doctrine, although not by collateral estoppel. The State has appealed. Md.Code Cts. & Jud.Proc. art. § 12–302(c)(1).

We begin by noting that in some States, where a defendant faces trial on greater inclusive and lesser included offenses, the jury is instructed not to consider any lesser included offense until it has reached a verdict on the greater inclusive offense, and the taking of any verdicts actually reached on lesser included offenses is not permitted unless the jury has also reached a verdict on the greater inclusive offense. What the courts have referred to as "partial verdicts" are simply not allowed in that circumstance; they are not regarded as "final verdicts" and an inquiry into what may be "tentative" decisions is considered an unwarranted intrusion into the jury's deliberations. *See, for example, A Juvenile v. Commonwealth,* 392 Mass. 52, 465 N.E.2d 240 (1984); *People v. Hickey,* 103 Mich.App. 350, 303 N.W.2d 19 (1981); *People v. Griffin,* 66 Cal.2d 459, 58 Cal.Rptr. 107, 426 P.2d 507 (1967); *Stone v. Superior Court of San Diego County,* 31 Cal.3d 503, 183 Cal.Rptr. 647, 646 P.2d 809 (1982); *Whiteaker v. State,* 808 P.2d 270 (Alaska App.1991). Maryland has not taken that view. In this State, except with respect to certain handgun charges, juries are not usually instructed to start at the top and not consider lesser included offenses until reaching a verdict on the greater offense. Md.Pattern Jury Instructions—Cr. 3.06. Verdicts on less than all counts are expressly permitted by Md.Rule 4–327(d), and the practice has been to take verdicts on lesser included offenses notwithstanding a deadlock on a greater inclusive offense. *See Mauk v. State,* 91

Md.App. 456, 605 A.2d 157 (1992); *Griffiths v. State,* 93 Md.App. 125, 611 A.2d 1025 (1992), *cert. granted,* 329 Md. 337, 619 A.2d 547 (1993); *Hunt v. State,* 95 Md.App. 471, 622 A.2d 155 (1993). Cases arising in States that regard such verdicts as merely tentative and not as true verdicts, therefore, are not particularly helpful in our analysis.

The conflicting positions of the parties can be summarized as follows. The State seems to accept the circuit court's conclusion that Woodson could not properly be retried on Count III. It appears to recognize, though it does not concede, that, as the jury had, in fact, reached a verdict, there was no manifest necessity for a mistrial on that count. It also does not contest that, for purposes of a double jeopardy analysis, the unannounced and therefore unknowable verdict reached on Count III must be treated as though it were an acquittal. As to this much, there seems to be no dispute. The State maintains, however, that there *was* a manifest necessity for a mistrial as to Count II because the jury was deadlocked on that count. It follows, therefore, according to the State, that, because there was a manifest necessity for a mistrial on Count II, there is no general double jeopardy bar to appellant being retried on that count.

Nor, it argues, is retrial barred by collateral estoppel, as that doctrine has been infused into the prohibition against double jeopardy. Collateral estoppel, the State says, quoting from *Butler v. State,* 91 Md.App. 515, 517, 605 A.2d 186, *cert. granted,* 328 Md. 35, 612 A.2d 897 (1992), is "stubbornly fact-bound." Equating an acquittal based on the court's failure to take the verdict with an acquittal arising from a *nol pros* entered after jeopardy attaches, the State contends that such an acquittal implicates only the single count to which it applies and does not affect any other count.

Woodson, naturally, holds a different view. He argues that, precisely because the verdict reached on Count III must be regarded as an acquittal, it necessarily precludes a retrial on Count II as well. That is because Count III, charging simple possession, is a lesser offense included within Count II, charg-

ing possession with intent to distribute, and, for double jeopardy purposes, the two are therefore regarded as the "same offense." *Mauk v. State, supra,* 91 Md.App. at 461, 605 A.2d 157. Woodson urges that the acquittal on Count III constitutes, in effect, a finding that he did not possess the cocaine (or, at least, a finding of reasonable doubt that he did) and that, under the collateral estoppel doctrine as applied in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *Ferrell v. State,* 318 Md. 235, 567 A.2d 937 (1990), that issue cannot be relitigated.

We have not been led to, nor have we discovered, any case anywhere in the country in which this precise issue has been considered and resolved. We therefore need to proceed by analogy, by traditional legal reasoning, and by common sense and basic fairness.

We start with the fact that the jury had reached a verdict on Count III, which it was entitled to do and which the court had a duty to receive. It had presumably decided all of the disputed facts necessary for it to reach that verdict. If that verdict was, in fact, a guilty verdict, Woodson clearly could have been retried on Count II, for there *was* a manifest necessity for a mistrial as to that count and a retrial on it would not involve the relitigation of any facts necessarily found in Woodson's favor. *Mauk v. State, supra,* 91 Md.App. 456, 605 A.2d 157. If the jury's verdict was an acquittal, however, it is just as clear that Woodson could *not* be retried on either Count II or Count III. Retrial on Count II would unequivocally have been barred both by traditional concepts of double jeopardy and by collateral estoppel. *Ashe v. Swenson, supra,* 397 U.S. 436, 90 S.Ct. 1189; *Ferrell v. State, supra,* 318 Md. 235, 567 A.2d 937; *Powers v. State,* 285 Md. 269, 401 A.2d 1013, *cert. denied,* 444 U.S. 937, 100 S.Ct. 288, 62 L.Ed.2d 197 (1979).

We don't know what the verdict was because the court erred, as a matter of law, in failing to receive it and, instead, in declaring a mistrial on that count when there was no necessity or justification for doing so. That error by the court

denied Woodson his right to the verdict, and it is for that reason that the law regards the verdict as though it were an acquittal.

The State attempts to equate this situation with that of a *nol pros* or mistrial declared prior to the reaching of a verdict, noting that, in those instances, the acquittal imposed by law should not extend beyond the count to which it directly applies. *See Ward v. State*, 290 Md. 76, 427 A.2d 1008 (1981); *Mitchell v. State*, 44 Md.App. 451, 409 A.2d 260 (1979), *cert. denied*, 287 Md. 755 (1980). The same rule should apply here, it says. We do not believe the situations are equivalent, however.

The abandonment or termination of a prosecution before a verdict is fundamentally different from a mistrial declared after a verdict is reached. In the former situation, the double jeopardy problem arises solely from the fact that the prosecution was terminated after jeopardy had attached, and there is no unfairness or Constitutional transgression in limiting the prohibition against retrial to the particular counts that were actually terminated. When a prosecution of a lesser included offense is terminated after the jury has, in fact, reached a verdict on that offense, however, there is another dimension to the double jeopardy problem—the prospect that the verdict, if taken, would have been revealed to be an acquittal and thus would have precluded a retrial on the greater offense because the acquittal was on the "same offense" sought to be retried. It is the benefit from that second dimension that the State seeks to deny to appellant.

The law assumes that the untaken verdict was an acquittal because to do otherwise would be fundamentally unfair. The risk of error, however small it may be under the circumstances, will not allow for speculation as to what the verdict actually was. Once that legally-directed assumption is made, the acquittal must be given full legal effect, for to do otherwise would create the potential for the same fundamental unfairness as would arise from not regarding the untaken verdict as an acquittal in the first instance.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.