658 A.2d 272

**STATE of Maryland**

v.

**Thomas Andrew WOODSON.**

**No. 83, Sept. Term, 1994.**

Court of Appeals of Maryland.

May 17, 1995.

324

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for petitioner.

Nancy M. Cohen, Asst. Public Defender, (Stephen E. Harris, Public Defender, on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ., and JOHN F. McAULIFFE, Judge (retired) Specially Assigned.

CHASANOW, Judge.

■ We are called upon in this case to determine whether double jeopardy bars retrial of a greater offense after a mistrial has been declared on both the greater offense, on which the jury was hung, and a lesser included offense, on which the jury reached a verdict but did not announce that verdict. For the reasons discussed below, we hold that double jeopardy does not prohibit retrial of the greater offense even though it may bar retrial of the lesser included offense.

## I.

Thomas Andrew Woodson (Woodson) was charged in a four-count indictment with distribution of a controlled dangerous substance (Count 1), possession of a controlled dangerous substance with intent to distribute (Count 2), possession of a controlled dangerous substance (Count 3), and conspiracy to distribute a controlled dangerous substance (Count 4). Woodson was tried on these charges before a jury in the Circuit Court for Prince George's County, Vincent Femia, J., presiding. After all evidence was presented at the trial, the circuit court granted Woodson's motion for judgment of acquittal on the conspiracy to distribute a controlled dangerous substance count (Count 4). The jury was then instructed on the remaining three counts and sent out to deliberate. The next day, the

jury submitted a note informing the judge that it had reached verdicts on two of the remaining three counts and that it was at an "impasse" on the other count. The court then asked the jury if it had reached a verdict on Count 1, distribution of a controlled dangerous substance. After the jury informed the court that it had reached a verdict of "not guilty" on that count, the court recorded that verdict. The court then asked the jury if it had reached a verdict on Count 2, possession of a controlled dangerous substance with intent to distribute. The jury informed the court that it had not reached a verdict on Count 2. The judge then gave the jury the Maryland version of an *Allen* charge [1] and sent the jury out for further deliberations.

Prior to releasing the jury for further deliberations, the court informed the jury that although the court had read its note stating that the jury had reached a verdict on two of the three counts, the court was "not going to ask [the jury] about Count [3]" because "the next count [the jury needs] to answer is Count [2]." About four hours later, the jury returned from deliberations and informed the court that it had no made further progress in its deliberations and was "irrevocably deadlocked." The court thereupon declared a mistrial on both Counts 2 and 3 and discharged the jury. The court never inquired as to whether a verdict was reached on Count 3, despite the fact that the note submitted by the jury foreperson indicated that the jury had apparently reached a verdict on that count. Neither Woodson nor the prosecutor objected to the court's failure to take the verdict on Count 3.

A new trial date was set. Before his retrial on Counts 2 and 3 began, Woodson filed a motion to dismiss Counts 2 and 3, arguing that double jeopardy prohibited retrial on both counts. He argued that the court's failure to take the verdict on Count 3 amounted to an acquittal of that count and because Count 3 was a lesser included offense of Count 2, double jeopardy bars retrial of Count 2. The motion to dismiss was

---

1. *See Burnette v. State,* 280 Md. 88, 371 A.2d 663 (1977).

denied, and Woodson was retried in a jury trial and convicted on both Count 2, possession with intent to distribute, and Count 3, possession. After his conviction on both these counts, Woodson renewed his motion to dismiss the charges, arguing that double jeopardy and collateral estoppel prohibited his retrial. The trial judge granted Woodson's post-trial motion to dismiss both counts on the ground that the declaration of a mistrial without manifest necessity as to Count 3 prohibited retrial on that count and also prohibited retrial on Count 2 because it is the "same offense."

The State appealed the circuit court's decision to the Court of Special Appeals, which affirmed the circuit court's determination that double jeopardy barred retrial on both Counts 2 and 3. *State v. Woodson,* 100 Md.App. 97, 103, 639 A.2d 710, 713 (1994). The intermediate appellate court held that at Woodson's first trial, the circuit court "erred, as a matter of law, in failing to receive [the verdict on Count 3] and, instead, in declaring a mistrial on that count when there was no necessity or justification for doing so." *Woodson,* 100 Md. App. at 101–02, 639 A.2d at 712. The court noted that the "law assumes that the untaken verdict was an acquittal because to do otherwise would be fundamentally unfair." *Woodson,* 100 Md.App. at 102, 639 A.2d at 713. Thus, the court concluded that because the circuit court's failure to take the verdict on Count 3 amounted to an acquittal as a matter of law on that count, double jeopardy bars retrial of Count 2, which is the "same offense" under double jeopardy law. We granted certiorari to consider whether double jeopardy bars retrial of a greater offense, on which the jury was hung, after a mistrial was declared on both the greater offense and a lesser included offense, on which the jury reached a verdict but did not announce that verdict.

## II.

The Fifth Amendment to the United States Constitution provides that "no person shall be twice put in jeopardy" for the same offense. U.S. Const. amend. V. The Fifth Amendment's double jeopardy bar is applicable to the states

**328**

through the Fourteenth Amendment. *See Benton v. Maryland,* 395 U.S. 784, 787, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707, 711 (1969). Maryland common law double jeopardy principles also "protect an accused against twice being put in jeopardy for the same offense." *Gianiny v. State,* 320 Md. 337, 342, 577 A.2d 795, 797 (1990).

The Supreme Court has stated that the double jeopardy bar affords a defendant three basic protections:

> "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." (Footnotes omitted).

*North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969). *See also Ohio v. Johnson,* 467 U.S. 493, 498–99, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425, 433 (1984) (explaining that the double jeopardy "bar to retrial ... ensures that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence").

The test for determining whether different statutory or common law offenses arising out of the same transaction are considered to be the same offense for double jeopardy purposes is the "required evidence" test. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."). The required evidence test "focuses upon the evidence necessary to sustain a conviction on each offense." *Thomas v. State,* 277 Md. 257, 262, 353 A.2d 240, 244 (1976). For double jeopardy purposes, offenses are deemed to be the same "where only one offense requires proof of an additional fact, so

that all elements of one offense are present in the other."
*Thomas,* 277 Md. at 267, 353 A.2d at 247. *See also Snowden
v. State,* 321 Md. 612, 617, 583 A.2d 1056, 1059 (1991).

 In the instant case, every element of possession is also
an element of possession with intent to distribute. Possession
with intent to distribute includes the additional element of
intent. Thus, because only possession with intent to distribute
requires proof of an additional element and all elements of
possession are present in possession with intent to distribute,
the two are deemed the same offense for double jeopardy
purposes. *See Mauk v. State,* 91 Md.App. 456, 461, 605 A.2d
157, 159 (1992) (holding that possession with intent to distrib-
ute and simple possession are the same offense under *Block-
burger*). Having found that possession with intent to distrib-
ute and possession are the same offense, we must next deter-
mine if retrial for the same offense is barred by double
jeopardy.

 The double jeopardy prohibition against retrial for
the same offense attaches in a jury trial when the jury is
empaneled and sworn. *See Illinois v. Somerville,* 410 U.S.
458, 467, 93 S.Ct. 1066, 1072, 35 L.Ed.2d 425, 433 (1973);
*Blondes v. State,* 273 Md. 435, 444, 330 A.2d 169, 173 (1975).
Thus, after jeopardy attaches, retrial is barred if a mistrial is
declared without the defendant's consent unless there is a
showing of "manifest necessity" to declare the mistrial. *See
United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed.
165, 165 (1824) (holding that a trial court may discharge a jury
without the defendant's consent whenever "taking all the
circumstances into consideration, there is a manifest necessity
for the act"). Although there is no clear test to determine
whether a manifest necessity exists, it has been held that
there must be a " 'high degree' [of necessity] before conclud-
ing that the mistrial is appropriate." *Arizona v. Washington,*
434 U.S. 497, 506, 98 S.Ct. 824, 831, 54 L.Ed.2d 717, 729 (1978)
(footnote omitted).

 In the instant case, the State concedes that there was
no manifest necessity to declare a mistrial as to Count 3, the

possession count, because the jury had reached a verdict on that count at the time the mistrial was declared. Thus, double jeopardy prohibits retrial of Count 3.[2] *See Jourdan v. State,* 275 Md. 495, 511–12, 341 A.2d 388, 398 (1975) (holding that a prosecution for the same offense was barred by double jeopardy where a mistrial was declared without manifest necessity). While it is undisputed that there was no manifest necessity to declare a mistrial on Count 3, it is also undisputed that there was a manifest necessity to declare a mistrial on Count 2, the possession with intent to distribute count, because the jury was irrevocably deadlocked on that count. *See, e.g., Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416, 422 (1982) (a hung jury remains the "prototypical example" of manifest necessity justifying the declaration of a mistrial); *Wooten–Bey v. State,* 308 Md. 534, 543, 520 A.2d 1090, 1094 (noting that there is a manifest necessity to declare a mistrial "when the jury is unable to reach a verdict in a criminal cause"), *cert. denied,* 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 853 (1987). Although double jeopardy ordinarily would not bar retrial on Count 2 since there was a manifest necessity for the declaration of a mistrial on that count, we must determine whether retrial on Count 2 is nevertheless

---

**2.** The Maryland rules permit the court to take a partial verdict on one or more counts of a multi-count indictment. *See* Maryland Rule 4–327(d) (providing that "the jury *may* return a verdict with respect to a count as to which it has agreed") (emphasis added). Thus, in the instant case, the court could have taken the jury's partial verdict on Count 3 as it did on Count 1. Maryland Rule 4–327(d) does not provide whether it is within the court's discretion to refuse to take a partial verdict when the jury announces that it has reached a partial verdict. We need not consider this issue, however, because the parties do not dispute the fact that the court's failure to take the verdict on Count 3 bars retrial of that offense. We are, however, not holding in this case that the trial judge has a duty to inquire as to whether the jury has reached or may be able to reach a verdict on each individual count in a multi-count indictment when the jury announces that it is deadlocked. *See* Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 25.2, at 1070 (2d ed. 1992) (noting that "lower court decisions have accorded great deference to trial court rulings in hung jury cases, extending even to cases where . . . the trial judge relied on the foreman's statement of deadlock without polling the other jurors, or the judge failed to assure that the deadlock applied to all counts").

barred because double jeopardy bars retrial of the lesser included offense of Count 3. As discussed below, we hold that the circuit court's declaration of a mistrial without manifest necessity on Count 3 does not bar retrial on Count 2.

■■■■■■ Initially, we must consider the doctrine of collateral estoppel and its applicability to the issues presented in the instant case. Collateral estoppel is embodied within the Fifth Amendment's guarantee against double jeopardy. *See Ashe v. Swenson,* 397 U.S. 436, 446, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 476 (1970). The doctrine of collateral estoppel provides that "when a[n] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. We have held that although collateral estoppel is usually invoked when there has been a prior acquittal, the "critical consideration is whether an issue of ultimate fact has been previously determined in favor of the defendant." *See Butler v. State,* 335 Md. 238, 253, 643 A.2d 389, 396 (1994). In a collateral estoppel challenge, the burden is "on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708, 719 (1990). It has been held that a defendant has a difficult burden to overcome in establishing that the issue was actually decided in the first proceeding. *See United States v. Clark,* 613 F.2d 391, 400 (2d Cir.1979), *cert. denied,* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980), cited in *Butler,* 335 Md. at 254, 643 A.2d at 397.

■■■■ Thus, in the instant case, Woodson has the burden of establishing that the jury actually decided an issue in his favor on the possession count which would prevent relitigation of that issue in a trial on Count 2, possession with intent to distribute. It is clear from the record of the proceedings in the instant case that Woodson has not met his burden. No verdict was actually delivered on the possession count in the instant case. Because the jury did not render a verdict on the

possession count, there is no judgment from which findings of fact in favor of Woodson can be inferred. *See Schiro v. Farley,* —— U.S. ——, ——, 114 S.Ct. 783, 792, 127 L.Ed.2d 47, 60–61 (1994) (holding that "the failure to return a verdict does not have collateral estoppel effect ... unless the record establishes that the issue was actually and necessarily decided in the defendant's favor").

Collateral estoppel requires a finding that an issue was actually decided. In the instant case, collateral estoppel cannot arise from speculation as to what facts may have been found when nothing in the record indicates that any facts were found in favor of Woodson. In fact, the unannounced verdict in the instant case was in all likelihood a verdict of guilty. The most probable scenario is that the jury decided that Woodson was guilty of possession but could not agree on whether he had the intent to distribute. It is unlikely that the jury would have hung on the charge of possession with intent to distribute if it had already concluded that Woodson was not guilty of possession. Therefore, Woodson has not met his burden of establishing that collateral estoppel prevents retrial of Count 2.

Woodson also argues that retrial of Count 2, the greater offense of possession with intent to distribute, is barred by double jeopardy because the failure of the circuit court to take the verdict on Count 3, the lesser included offense of possession, amounted to an acquittal of that count. Woodson further argues that the jury's silence on Count 3 also operates as an acquittal of that offense because "[w]here a verdict is silent as to some counts but not as to others, the silence is equivalent to a verdict of not guilty as to those counts." Thus, Woodson argues that his "acquittal" on Count 3 bars retrial of Count 2 because the two are regarded as the "same offense" for double jeopardy purposes under *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.

The State argues that although double jeopardy bars retrial of Count 3, the lesser included offense of possession, double jeopardy does not bar retrial of Count 2, the greater offense of

possession with intent to distribute. It compares the situation presented in the instant case with that of a nolle prosequi entered after jeopardy attaches and argues that when a nolle prosequi is entered on a count in an indictment, it does not preclude further prosecution of another count constituting the same offense because the nolle prossed count does not operate as an acquittal of the underlying offense. *See, e.g., Ward v. State*, 290 Md. 76, 427 A.2d 1008 (1981); *Bynum v. State*, 277 Md. 703, 357 A.2d 339, *cert. denied*, 429 U.S. 899, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976). Thus, it argues that because double jeopardy does not bar the continuation of a trial or retrial of a count considered to be the same offense as a count that was nolle prossed, retrial of the greater offense in the instant case should also be permitted because the declaration of a mistrial on Count 3 without manifest necessity also does not operate as an acquittal of the greater offense.

The parties have cited no cases, and we have found no cases directly addressing whether double jeopardy bars retrial of a greater offense on which a mistrial was appropriately declared when retrial is barred on a lesser included offense on which a mistrial was inappropriately declared. Nevertheless, for the reasons discussed below, we agree with the State that the erroneous declaration of a mistrial as to Count 3 should not preclude retrial of Count 2, on which a mistrial was declared because of manifest necessity.

In *Bynum,* this Court considered whether a nolle prosequi of a lesser included offense barred the continuation of the trial on the greater offense that was based on the same conduct and was brought under the same indictment. Bynum was charged in an indictment with armed robbery, simple robbery and other offenses. At the close of all the evidence, the State entered a nolle prosequi on the simple robbery count. The case was then submitted to the jury on the armed robbery charge, and the jury returned a guilty verdict. On appeal, Bynum argued that submitting the armed robbery charge to the jury after the State entered a nolle prosequi on the simple robbery count placed him in "jeopardy a second time for the

same offense, contrary to the common law of this state and the Fifth and Fourteenth Amendments to the Federal Constitution." *Bynum*, 277 Md. at 705, 357 A.2d at 340. Specifically, Bynum argued that the nolle prosequi on the simple robbery count entered without his consent operated as an acquittal of that offense. Thus, he argued that because simple robbery is a lesser included offense of armed robbery, double jeopardy barred the continuation of the trial on the armed robbery count. *Id.*

In affirming Bynum's armed robbery conviction, this Court held that although the simple robbery count was the "same offense" as armed robbery for double jeopardy purposes, and although the nolle prosequi barred reprosecution for simple robbery, the nolle prosequi of the simple robbery count did not preclude the continuation of the trial on the armed robbery count. *Bynum*, 277 Md. at 705–06, 708, 357 A.2d at 340, 342. We noted that the reason the State entered a nolle prosequi was not because the State lacked proof of the simple robbery, but was rather because it wished to remove from the jury a charge which was inconsistent with the proof that Bynum had committed armed robbery. *Bynum*, 277 Md. at 708–09, 357 A.2d at 342; *see also Jackson v. State*, 82 Md.App. 438, 447, 572 A.2d 567, 571–72 (discussing the effect of a nolle prosequi on a lesser included offense and stating that "[i]t is not uncommon before submitting a case to the jury to 'tidy up' the issues to be submitted so as to simplify its deliberations [and s]uch housecleaning exercises in no way represent acquittals"), *aff'd*, 322 Md. 117, 586 A.2d 6 (1991).

In *Bynum*, we made it clear that although a nolle prosequi during trial without the defendant's consent may "operate as" an acquittal of that count for double jeopardy purposes and preclude retrial on that count, it is not an adjudication of not guilty or an actual acquittal. Thus, it has no carryover effect on other counts—even other counts charging the same offense. We therefore held that the defendant was not placed in double jeopardy by the continuation of the trial on the greater offense

of armed robbery after the state entered a nolle prosequi on the lesser included offense of robbery.

We extended the *Bynum* rationale to second trials in *Ward, supra.* In *Ward,* two different counts in the indictment charged the same offense. At Ward's trial, after jeopardy had attached, the state entered a nolle prosequi on one of the duplicative counts. Ward was convicted by a jury on the other count. Subsequently, Ward's conviction was reversed and a new trial was granted. Prior to the second trial, Ward moved to dismiss the indictment because of the prior nolle prosequi, entered without his consent after jeopardy had attached, of a count charging the same offense as the count to be retried. We held that retrial was not precluded by double jeopardy principles. *Ward,* 290 Md. at 94–95, 427 A.2d at 1018. We noted that, although the nolle prosequi without the defendant's consent during the first trial operated as an acquittal for double jeopardy purposes of the count which was nolle prossed, it is not an adjudication of not guilty of the offense itself and did not bar retrial on a count constituting the same offense after Ward's conviction on that count was reversed on appeal. *Id.* In *Wooten–Bey, supra,* we held that the declaration of a mistrial for manifest necessity was equivalent, for double jeopardy purposes, to the reversal of a conviction on appeal and retrial on a charge constituting the same offense was permissible. *See Wooten–Bey,* 308 Md. at 542, 520 A.2d at 1094. In that case, the defendant was acquitted at his first trial of premeditated murder and the jury was hung on felony murder. We held that although the two are deemed the same offense for double jeopardy purposes, the defendant could be retried for felony murder after a mistrial was declared with manifest necessity because the jury was hung. *See Wooten–Bey,* 308 Md. at 543, 520 A.2d at 1094.

The instant case is analogous to the above cases which held that where a nolle prosequi is entered after jeopardy attached on a lesser count in the indictment, the defendant is not subjected to double jeopardy by the continuation of the trial on another count constituting the same offense. Because an entry of a nolle prosequi on a lesser included offense after

jeopardy has attached is only an acquittal on that count for double jeopardy purposes and does not represent either an adjudication of not guilty of the offense or factual findings in favor of a defendant, the continuation of the trial on the greater offense is permissible. Similarly, because the declaration of a mistrial without manifest necessity on a lesser included offense also is only an acquittal on that count for double jeopardy purposes and does not represent either an adjudication of not guilty of the offense or factual findings in favor of a defendant, the continuation of a prosecution on a greater offense should be permissible. Thus, because the trial court's failure to take the jury's verdict on Count 3 did not amount to an adjudication of not guilty of the offense, double jeopardy should not bar retrial of Count 2 even though it constitutes the same offense.

*Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), is an analogous case. In *Richardson*, the defendant was tried at his first trial on three counts of narcotics violations. The jury found him not guilty on one count but was deadlocked on the remaining counts and a mistrial was declared. The defendant made a motion to bar retrial on the basis that the evidence at the first trial was insufficient to convict and the trial judge improperly denied his motion for judgment of acquittal. The Supreme Court held that regardless of the insufficiency of the evidence at his first trial, double jeopardy would not preclude retrial because there was no termination of jeopardy between the declaration of a mistrial and the retrial. The Court stated:

"[W]e reaffirm the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial." (Footnote omitted).

*Richardson,* 468 U.S. at 326, 104 S.Ct. at 3086, 82 L.Ed.2d at 251. Similarly, in the instant case, regardless of the erroneous declaration of a mistrial as to Count 3, there is no double jeopardy bar to retrial on Count 2 because the original jeopardy never terminated.

*Ward* and *Richardson* control our decision in the instant case. In *Ward,* although there was an acquittal of the same offense for double jeopardy purposes, we held that the double jeopardy acquittal of the same offense did not operate as an acquittal of another count charging the same offense and double jeopardy did not bar a retrial after appellate reversal. *Ward,* 290 Md. at 94–95, 427 A.2d at 1018. As *Richardson* also makes clear, the declaration of a mistrial due to manifest necessity is not an event that terminates the original jeopardy. *See Richardson,* 468 U.S. at 326, 104 S.Ct. at 3086, 82 L.Ed.2d at 251. *See also Hunter v. State,* 38 Md.App. 111, 113–14, 379 A.2d 432, 434 (1977) (noting that under *Bynum,* retrial of remaining counts where the jury is hung is permissible even though the State nolle prossed several other charges). Thus, under *Ward* and *Richardson,* retrial of the greater offense of Count 2 is permissible because the failure to take the jury's verdict on Count 3 does not operate as an adjudication of not guilty of the underlying offense and because the mistrial on Count 2, which was declared with manifest necessity, did not terminate the original jeopardy on that count.

In support of his position that retrial on Count 2 is barred due to the improper declaration of a mistrial on Count 3, Woodson relies on *Wallace v. Havener,* 552 F.2d 721 (6th Cir.), *cert. denied,* 434 U.S. 940, 98 S.Ct. 433, 54 L.Ed.2d 300 (1977). In that case, the defendant was charged in a five-count indictment for his alleged participation in an armed robbery of a grocery store. At the first trial, the jury announced that it had reached verdicts on Counts 2 through 5, but was deadlocked on Count 1. The trial judge declared a mistrial prior to receiving the verdicts on Counts 2 through 5. In a subsequent trial, the defendant was retried and convicted on *all* counts. On appeal, the defendant argued that his

retrial on Counts 2 through 5 violated the double jeopardy prohibition.

The United States Court of Appeals for the Sixth Circuit agreed with defendant and held that double jeopardy barred retrial on Counts 2 through 5. *Wallace*, 552 F.2d at 723. The court noted that there was no manifest necessity "to justify the discharge of the jury and [to refuse] to accept the verdicts that the jury had reached on Counts 2 through 5." *Id.* Thus, the defendant cannot be retried on those counts. Regarding Count 1 on which the jury was hung, the defendant did not argue that double jeopardy prohibited his retrial on that count.[3] *Wallace*, 552 F.2d at 724 n. 1.

The court's holding in *Wallace* gives little or no support to Woodson's position. In the present case, both parties agree that retrial on Count 3 is barred because there was no manifest necessity to declare a mistrial on that count. That conclusion is in accord with the Sixth Circuit's holding in *Wallace*. Nevertheless, even though retrial on the other counts was barred, the defendant in *Wallace* did not argue that double jeopardy prohibited retrial on the count on which the jury deadlocked. In the instant case, retrial is being permitted only on the count on which the jury deadlocked. Thus, the holding we reach in the instant case is not inconsistent with the Sixth Circuit's holding in *Wallace*.

### III.

For the reasons indicated, we hold that the double jeopardy bar does not prohibit retrial on the greater offense of possession with intent to distribute, even though the erroneous declaration of a mistrial on the lesser included offense of

---

**3.** The court noted in dicta that retrial on Count 1 was not barred because the jury was hung on that count and the only issue in common between Count 1 and Counts 2 through 5 was the jury's apparent finding that the defendant was present at the crime scene. Therefore, even if the jury acquitted the defendant on the other counts, nothing in the record indicated that there could have been issues of undisputed ultimate facts which would have precluded retrial on Count 1. *See Wallace,* 552 F.2d at 724 n. 1.

possession precluded retrial on that count. The declaration of a mistrial without manifest necessity on the possession count bars retrial on that count but does not affect other counts. Thus, although retrial may have been improper on Count 3, retrial was proper on Count 2 even if it is the "same offense" for double jeopardy purposes.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND THIS CASE TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.*