*State of Maryland v. Garrett Lee Holsen*, No. 1410, September Term, 2022. Opinion by Nazarian, J.

**JUDICIAL AUTHORITY TO DISMISS CHARGES – VERDICTS – JURY FUNCTION**

When a trial court dismisses criminal charges, it must ground its decision in a specific source of authority, such as preserving the defendant's constitutional rights. The risk of inconsistent verdicts is insufficient to authorize a trial court to dismiss charges. Inconsistent verdicts may be remedied after the fact.

**DOUBLE JEOPARDY – DISMISSAL OF CHARGES**

When a trial court has no authority to dismiss a criminal charge, the dismissal does not amount to an acquittal, and double jeopardy is not implicated.

Circuit Court for Anne Arundel County
Case No. C-02-CR-21-002187

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1410

September Term, 2022

_____

STATE OF MARYLAND

v.

GARRETT LEE HOLSEN

_____

Graeff,
Nazarian,
Zarnoch, Robert A.
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Nazarian, J.

_____

Filed: December 20, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

In 2021, Garrett Lee Holsen was charged with committing multiple sex crimes against a Naval Academy classmate. At trial in the Circuit Court for Anne Arundel County, the State presented evidence that Mr. Holsen had sex with and kissed the victim without her consent. The defense contended that the overlapping elements across the three charges—second-degree rape, third-degree sex offense, and second-degree assault—presented a risk that the jury would produce inconsistent verdicts and asked the court to direct the jury first to consider the charge of second-degree rape and, if it found him not guilty, not to consider the other two charges. Over the State's objections, the trial court agreed with the defense's proposal, prepared a verdict sheet to that effect, and instructed the jury to proceed in that fashion.

The jury acquitted Mr. Holsen of second-degree rape and, as instructed, stopped before entering verdicts on the remaining counts. The defense then moved to dismiss the remaining charges and the court granted that motion. The State argues on appeal that the trial court erred in instructing the jury not to consider the sex offense and assault charges and in dismissing them. We agree, reverse the judgments as to those two charges, and remand for further proceedings.

## I.      BACKGROUND

Mr. Holsen was one of the victim's "best guy friends" from the Naval Academy. To celebrate the end of their "plebe" (freshman) year, the two attended a party held at an AirBnB on May 22, 2021. The victim arrived at the party around 8:00 p.m. Throughout the night she had been drinking, to the point where she felt "dizzy," was unable to "see clearly," and eventually "blacked out." When Mr. Holsen arrived later that night, he saw her but

says he didn't believe she was intoxicated. By contrast, two of her classmates believed that the victim was intoxicated based on her slurred speech, imbalance, and generally looking "out of it."

One friend took the victim to a bathroom in hopes of making her feel better. The victim fell and vomited multiple times. The friend told everyone that the victim was cut off from drinking. Mr. Holsen testified that he didn't hear this announcement. At around 2:00 a.m., the other friend took the victim, who could not walk on her own, to another bathroom. She vomited again and told the second friend that she was feeling better. That friend then left for about five to ten minutes to get the victim some food.

While waiting for the friend to return, the victim received a text message from Mr. Holsen asking where she was. Soon after, Mr. Holsen went up to the bathroom to talk to her. She testified that because she was inebriated, she couldn't remember much of what happened next, but she did remember having sex with Mr. Holsen despite not wanting to. By contrast, Mr. Holsen explained that the victim did not seem inebriated and consented to sex with him. When the second friend returned to the bathroom, she opened the door and saw the victim bent over the bathtub, Mr. Holsen behind her, both of their pants off, and Mr. Holsen "thrusting in" her. The friend told Mr. Holsen to leave once she realized "what was going on." Mr. Holsen stopped, buckled his pants, and told the friend "[i]t's not what you think." At that point, the first friend joined the second with the victim in the bathroom. The victim was "immensely distraught," sobbing, said that she didn't know how Mr. Holsen "got in," and that she "didn't want him to."

2

According to a friend of Mr. Holsen's, he returned to the party after being gone to the bathroom for a long time and said that "[w]e need to go." His demeanor was "urgent" and "freaked out," and he admitted to his friend that he had "fucked" the victim. He and his friend went back upstairs to the bathroom and saw the victim, but her friends told them to go away and they left. On the way back to the Academy, Mr. Holson admitted that he had "messed up" and cheated on his girlfriend but said that he had sought the victim's consent multiple times and that she had said yes. At the same time, the victim passed out and her friends carried her back to her dorm.

Mr. Holsen was charged with second-degree rape (count 1), third-degree sex offense (count 2), fourth-degree sex offense (count 3), and second-degree assault (count 4).[1] In response to a demand by Mr. Holsen, the State filed a Bill of Particulars that included an identical paragraph to describe the facts supporting each count. The paragraph varied only with the title of the charge, which appeared in the exact same spot each time:

> The victim in the case was severely intoxicated. She was in the upstairs bathroom and had been vomiting. Her friend left her briefly to get her food and water. The victim's head was in a toilet. The Defendant entered the bathroom, although the victim thought it was her friend returning. The Defendant began kissing the victim. The victim ended up on the floor when the Defendant removed her pants and underwear. The Defendant vaginally penetrated the victim with his penis. The victim did not consent to the vaginal intercourse. The *rape* ended when the victim's friend returned and pulled the Defendant off the victim because the friend felt the victim was too intoxicated to consent to sexual intercourse. The friend

---

[1] Count 3, fourth-degree sex offense, was dismissed by the State voluntarily before consideration of jury instructions or the verdict sheet.

reported that she saw the Defendant having sex with the victim
from behind.

(Emphasis added.)

During the discussion of jury instructions, defense counsel argued that because the State's case had focused on consent, it would be illogical to allow the jury to acquit Mr. Holsen of rape but convict him of a lesser offense—if the jury found him not guilty of rape, the defense contended, there was no way the absence-of-consent element of the sex offense charge or the assault charge could be satisfied. The State countered that the charges represented separate crimes with separate elements and that the jury could find that the victim consented to different things at different times or that she lacked the capacity to consent at different times. The trial court granted the defense's request, and provided the jury with a verdict sheet containing the following instruction: "If you find the Defendant, Garrett Lee [Holsen], NOT GUILTY, of Second-Degree Rape, do not proceed to the remaining charges."

The jury found Mr. Holsen not guilty of second-degree rape and, as instructed, stopped before considering the remaining charges. The defense then moved to dismiss counts 2 and 4, third-degree sex offense and second-degree assault. Over the State's objection, the court granted that motion, finding that it "still believe[d], [that] these charges were all rising from the same acts, or alleged acts." The State filed a timely notice of appeal.

## II.    DISCUSSION

The State raises one issue on appeal:[2] "Did the trial court err in dismissing the charges as to which the jury returned no verdict?"[3] This appeal raises purely legal questions that we review *de novo*. *See State v. Robertson*, 463 Md. 342, 351 (2019). We hold that the trial court erred when it instructed the jury not to consider the third-degree sex offense and second-degree assault charges and dismissed those counts, and that the dismissal of those charges did not function as a substantive acquittal. We reverse the dismissal of counts 2 and 4 and remand for further proceedings.

### A.    The Trial Court Erred In Instructing The Jury Not To Consider Counts 2 And 4, Creating An "All Or Nothing" Verdict Sheet, And Dismissing Those Counts After The Acquittal On The Rape Charge.

A prosecutor can dismiss charges unilaterally for nearly any reason or no reason at all. But if charges were brought properly in the first place, as the charges against Mr. Holsen were, a *court* can't dismiss them without some authority or basis to do so. The basis Mr. Holsen offered in the trial court was the desire to avoid a legally inconsistent verdict—

---

[2] "The State may appeal from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition." Md. Code (1973, 2020 Repl. Vol.), § 12-302(c)(2) of the Courts and Judicial Proceedings Article. The trial court's decision to dismiss Counts 2 and 4 falls within this authority, and Mr. Holsen doesn't claim otherwise.

[3] Mr. Holsen broke the Questions Presented into two in his brief:

> I. Whether the appeal should be dismissed because double jeopardy principles bar a retrial?

> II. Whether the trial court properly instructed the jury that if they acquitted Holsen of second-degree rape, they need not return a verdict on the remaining counts?

if the jury acquitted Mr. Holsen of second-degree rape, he argued, he couldn't be guilty of third-degree sex offense or second-degree assault because the jury would already have resolved the consent element of those charges in his favor. Put another way, he contended, if the jury were to find that the victim consented to sexual intercourse with Mr. Holsen, it necessarily would be finding that she consented to the other forms of sexual contact alleged. The State responds that these were questions for the jury to resolve, and that the court erred by allowing the jury only an all-or-nothing decision on the rape charge. We agree with the State.

### 1. *The trial court didn't have the authority to dismiss these charges.*

Prosecutors have broad authority in criminal cases, and "[i]t is well-settled that the determination of which criminal charges, if any, to bring is a matter of prosecutorial discretion." *Beverly v. State*, 349 Md. 106, 121–22 (1998). By contrast, "'[a] court's authority to act is limited to those actions authorized by constitution, statute, or common law.'" *Johnson v. State*, 452 Md. 702, 734 (2017) (*quoting State v. Meyer*, 953 S.W.2d 822, 825 (Tex. App. 1997)). There are times when a court may intervene unilaterally and even dismiss criminal charges, including where there are speedy trial violations, *State v. Gonzales*, 82 Md. App. 411, 417 (1990), *aff'd* 322 Md. 62 (1991), defective charging instruments, or the violation of a criminal procedure statute. *Johnson*, 452 Md. at 734. In each such instance, though, dismissal represents "an extraordinary measure for a court and should be reserved for only those cases where justice could not be served by the government's pursuit of a conviction and where the dismissal can function as an effective means to deter such conduct by government agents in the future." *United States v.*

*Bouchard*, 886 F. Supp. 111, 120 (D. Me. 1995).

Mr. Holsen argues that this "Court does not need to reach the merits of the trial court's instruction on the verdict sheet because this appeal turns on whether the dismissal of the charges should be affirmed based on double jeopardy principles." But that argument assumes that the trial court had the authority to dismiss the charges in the first place. The trial court accepted the defense's argument that an acquittal on second-degree rape would resolve all three charges, and it instructed the jury and structured the verdict sheet accordingly, because it was concerned with the possibility of inconsistent verdicts: "If [the jury] say[s] there was consent and they say no rape, then under what scenario would they say but—you didn't rape her, but you kissed her and you didn't have permission to do that? . . . . I just don't see how logically it makes sense." But the possibility of an inconsistent verdict doesn't authorize a trial court to dismiss charges, and certainly not before the jury reaches any verdict (let alone an inconsistent one). And there is no indication that the trial court dismissed the charges because it believed Mr. Holsen's constitutional rights were in jeopardy. The double jeopardy argument he makes now arises as a result of the circuit court's decision to dismiss the remaining charges after the acquittal. We'll address the double jeopardy implications of the dismissal later; before we can get to those, though, we have to resolve whether the instructions and dismissal were authorized in the first instance.

And they weren't. Mr. Holsen hasn't identified, and we haven't found, a source for the trial court's authority to dismiss these charges, but the dismissal must be grounded in something. *See Johnson*, 452 Md. at 734. At oral argument, he pointed to the bill of particulars, and to the common description of the acts and the victim's alleged lack of

consent. But that was just a pleading device: "Bills of particulars are intended to guard against the taking of an accused by surprise by limiting the scope of the proof." *Martin v. State*, 218 Md. App. 1, 26 (2014) (cleaned up). He argued that because this bill of particulars offered identical factual descriptions for each of the counts, an acquittal on one charge necessarily would require acquittal on the others. But that argument conflates the alleged factual underpinnings of these charges for pleading purposes, which could well be similar or even identical, with the elements of each charge, which aren't.

The different charges raised different questions about the consent the victim could have given or did or did not give at different points in time, and the jury was free to draw its own conclusions about whether the victim had the capacity to consent and, if so, did consent, at different times and to different acts. Although the jury may have found, for example, that the victim ultimately had the ability to consent to vaginal intercourse, an element of second-degree rape, Md. Code (2002, 2021 Repl. Vol.), § 3-304 (a)(1)–(2) of the Criminal Law Article ("CR"), and did, the jury might have found, when considering second-degree assault, that she lacked the ability to consent to kissing or other non-intercourse contact that began the encounter, or that she didn't consent to that contact, *see* CR § 3-203(a), even though Mr. Holsen testified that she did consent to intercourse. Put another way, there may be some overlap among the three charges, but the Venn diagram isn't necessarily a circle as to all three,[4] and the jury might legally have reached different

---

[4] It could be that the jury's decision to acquit Mr. Holsen on second-degree rape would preclude a conviction for third-degree sex offense on collateral estoppel grounds.

Continued . . .

conclusions on different counts.

### 2. *The jury should have decided every charge.*

When it comes to inconsistent jury verdicts, guilty verdicts may not be *legally* inconsistent. *State v. Sayles*, 472 Md. 207, 244 (2021). "A legally inconsistent verdict is one where the jury acts contrary to the instructions of the trial judge with regard to the proper application of the law." *McNeal v. State*, 426 Md. 455, 458 (2012). To resolve this issue, the defendant typically must object and have the trial judge send the verdict back to the jury for further resolution. *Id.* at 471. But *factually* inconsistent verdicts, which are permissible, "are those where the charges have common facts but distinct legal elements and a jury acquits a defendant of one charge, but convicts him or her on another charge. [These] verdicts are illogical, but not illegal." *Id.* at 458 (footnote omitted) (citation omitted). This is because the jury's fact-finding power, even if used improperly or erroneously, must be free from the trial court's influence. *Id.* at 472.

Mr. Holsen contends that the trial court did not err in "instructing the jury that they need not return a verdict on charges that were in a greater-inclusive/equal relationship with second-degree rape." He argues that given the similarity between the elements of each

---

Unlike second-degree assault, which could be satisfied by a broad range of unconsented contact, the sexual contact, *see* CR § 3-301(c)(1), alleged in the Bill of Particulars in support of third-degree sex offense, *see* CR § 3-307(a)(2), was the same act of intercourse, and thus it does seem to overlap with the rape charge in that regard. Perhaps, though, the State could argue that sexual contact other than intercourse occurred that could satisfy the elements of third-degree sex offense. And the trial court never had the opportunity to make such a finding—the decision to take the charge away from the jury came before the jury reached its verdict on the rape charge—so we leave it to the court on remand to determine whether collateral estoppel precludes re-trial on that charge.

charge, the trial court intervened properly to prevent an inconsistent verdict. But although inconsistent verdicts may not be ideal, the mere prospect of one doesn't justify stripping the jury of its ability to decide each charge. And even when a legal inconsistency emerges, trial courts can step in *afterwards* to resolve the problem rather than taking decisions away from juries preemptively. *See Givens v. State*, 449 Md. 433, 473 (2016) ("Where a jury reaches legally inconsistent verdicts, and the verdicts are not final and the jury has not been discharged, a trial court may correct the error in the proceedings *by sending the jury back to deliberate to resolve the inconsistency*." (Emphasis added.)); *Travis v. State*, 218 Md. App. 410, 455 (2014) (The procedure to remedy a legally inconsistent verdict involves the defendant asking the court to send the jury back to deliberations.). The decision to instruct the jury to stop if it acquitted Mr. Holsen on the rape charge and to devise an "all or nothing" verdict sheet represented a premature intervention in the jury's decision-making process. *Cf. Hook v. State*, 315 Md. 25, 41–42 (1989) (The State's decision to nolle prosequi a viable second-degree murder charge "failed to observe that fundamental fairness essential to the very concept of justice," because it forced the jury to choose between first degree murder and acquittal.).

Citing *State v. Woodson*, 100 Md. App. 97 (1994), *aff'd in part, rev'd in part*, 338 Md. 322 (1995), Mr. Holsen responds that Maryland Rule 4-327(d) allows verdicts on fewer than all counts. And it's true: the Rule provides that "[w]hen there are two or more counts, the jury may return a verdict with respect to a count as to which it has agreed, and any count as to which the jury *cannot* agree may be tried again." (Emphasis added.) But this argument glosses over the final clause of the Rule. The Rule applies when the jury is

10

unable to come to a consensus for each count—it doesn't authorize a court to prevent the jury from deciding them in the first place. *See State v. Fennell*, 431 Md. 500, 523 (2013) (when the jury indicates that unanimity was achieved on some counts, "Maryland Rule 4-327(d) points the way for a trial judge to a reasonable alternative to the declaration of a mistrial. Thus, prior to declaring a mistrial without consent on those counts, the trial judge generally should take steps to determine that genuine deadlock exists as to those counts."). This jury never had an opportunity to reach or fail to reach a consensus on Counts 2 and 4, but it should have.

## B. The Dismissals Of The Lesser Charges Were Not Acquittals.

From there, Mr. Holson asserts that a retrial on counts 2 and 4 would violate his right not to face jeopardy twice for the same offense. He claims that the trial court's dismissal of the lesser charges constituted a formal acquittal, that because there was a "verdict of not guilty of second-degree rape at the first trial[,] . . . the jury necessarily decided the essential facts in Holsen's favor that [the victim] was not too intoxicated to consent to any sexual contact or that Holsen was unaware of her level of intoxication[,]"and that because of that, "collateral estoppel would make a second prosecution for any unconsented-to-contact based upon [the victim's] alleged intoxication wholly impermissible."

Again, it could well be that this jury, which acquitted Mr. Holsen on second-degree rape, would have acquitted him on the other two charges. And it may be that the acquittal on second-degree rape resolves the third-degree sex offense charge as a matter of collateral estoppel. *See above* note 4, at 8-9. But even if it does, and we offer no views on that

11

possibility here, it wasn't a given that the jury would have acquitted Mr. Holsen of second-degree assault. The jury could have found that Mr. Holsen committed an unconsented touching, either by finding that the victim wasn't able to consent to kissing (or some form of contact) or that her consent evolved from a "no" during certain portions of the incident to a "yes" during others. That sort of verdict might be factually inconsistent, but wouldn't be legally inconsistent, and the court should have allowed the jury to make its decisions, consistently or not, and untangled any knots after the verdict rather than before.

*Johnson v. State* is instructive here, even though it involved different circumstances. 452 Md. at 702. In that case, a trial court granted a motion for judgment of acquittal (not a motion to dismiss) weeks after the judge had declared a mistrial and discharged the jury. *Id.* at 703–04. One of the primary issues was whether this act complied with Maryland Rule 4-324, which governs motions for judgment of acquittal. *Id.* at 715. In analyzing the Rule, the Court noted "[t]hat the Rule does not provide that a trial judge can reserve her ruling on a motion for judgment of acquittal made before submission of the case to the jury, nor does it provide for post-judgment motion for judgment of acquittal." *Id.* at 716. The Court then reasoned that "when the trial judge acted outside of the strictures of Rule 4-324 in the instant case, he acted without authority." *Id.* at 722. And because there was no authority to act, the "acquittal" did not count and a retrial did not violate Mr. Johnson's double jeopardy rights. *Id.* at 726 ("only when the court has the authority to act does an acquittal implicate double jeopardy").

So too here. To be sure, both Maryland common law and the Constitution of the United States prohibit placing defendants in jeopardy again for the same acts after acquittal.

12

*Pugh v. State*, 271 Md. 701, 704 (1974). But the protection against double jeopardy applies when the defendant is acquitted and is then re-prosecuted (or is in danger of re-prosecution) for the same crime. *Id.* at 706. Thus, "once the trier of fact in a criminal case, whether it be the jury or the judge, *intentionally renders a verdict of 'not guilty,'* the verdict is final and the defendant cannot later be retried on or found guilty of the same charge." *Id.* (emphasis added).

And that's not what happened here. In this case, the trial court dismissed the charges over the prosecution's objections, not because it feared Mr. Holsen faced jeopardy for previously acquitted conduct, but because the jury might reach an inconsistent verdict. Again, because Mr. Holsen's constitutional rights weren't in danger and there is no indication that Maryland law allows for this type of unilateral decision under the circumstances, the trial court acted without authority. The trial court's dismissals do not amount to acquittals, *see Johnson*, 452 Md. at 722, and Mr. Holsen will not, on remand, be placed in jeopardy for a second time—it will still be the first time.

\* \* \*

We reverse the court's decision to dismiss counts 2 and 4, the third-degree sex offense and second-degree assault counts, and remand for further proceedings consistent with this opinion.

**JUDGMENTS OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED AS TO THIRD-DEGREE SEX OFFENSE AND SECOND-DEGREE ASSAULT AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS ASSESSED**

**67% TO APPELLEE AND 33% TO ANNE ARUNDEL COUNTY.**